GRIFFIN and Others *v.* LYNCH and Another.

*A.*, after providing in his will for the payment of certain legacies, and prescribing the share which his widow should have, in lieu of her legal interest, disposed of the residue of his property as follows: "to my daughters, *B.*, *C.*, and *D.*, each, one third of the residue of my estate, real, personal and mixed, to be held by them as tenants in common, in fee simple, share and share alike; *provided*, that should my said wife bear me another child, or children, then my estate, except the portion devised to my wife, shall be held by the said *B.*, *C.*, and *D.*, and by such child or children, in equal shares; and upon the decease of any of said devisees, then the said residue of my estate to be divided equally among the survivors; or their descendants, or held by them as tenants in common, in fee simple, as circumstances may legally require." No other child was born to the testator; and after his decease, his daughters *C.* and *D.* died without issue.

*Held*, that the will did not make an executory devise, but that the estate vested in the devisees on the death of the testator.

*Held*, also, that it does not manifestly appear from the tenor of the will, that it was intended to create an estate in joint tenancy, and, under the statute, unless such intention is expressed, the estate must be construed to be a tenancy in common.

*Held*, also, that the *jus accrescendi* did not govern, at the death of *C.* and *D.*, but the general law of descents.

May Term, 1861.

GRIFFIN v. LYNCH.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Suit for partition. The facts of the case are, that *Patrick Kelly* died testate, having, after giving a legacy of $200 to a sister, disposed of his property thus:

Thursday, June 13.

"*Fourthly.*—I give, bequeath, and devise, unto my beloved wife, *Margaret Kelly*, one third part of my real estate, in fee simple, and the amount of personal property to which she may be entitled by law, as my widow; such realty and personalty to be taken and held by her in lieu of what she would be entitled to by law, had I died intestate, and to be in full of her share and interest in my estate; and to my daughters, *Ann Lynch*, wife of *John Lynch*, *Mary Ellen Kelly*, and *Catherine Kelly*, each, one third of the residue of my estate, real, personal and mixed, to be held by them as tenants in common in fee simple, share and share alike: *Provided*, that should my said wife, *Margaret Kelly*, hereafter be delivered of a child, or children, begotten by me, then all my said estate shall belong to, and be held, (except the share above allotted to the said *Margaret*,) by the said *Ann Lynch*, *Mary Ellen Kelly* and *Catherine Kelly*, my daughters, and such child or children, in equal shares; and upon the decease of any of said devisees, then the said residue of my estate to be divided equally among the survivors, or their descendants, or held by them as tenants in common in fee simple, as circumstances may legally require.

"*Fifthly.*—I hereby authorize and empower my executors to take and retain possession of the real estate of which I may die seized, except the said share of my widow, and to make such repairs and improvements thereon, as to them may seem proper, and apply the rents thereof, after paying expenses, and for such improvements and repairs, to the

payment of said debts and legacy, and afterward to pay the residue to my said devisees, or their guardian, according to their interests in said property; but the right to retain such possession shall not extend beyond the time at which my youngest child, said *Catherine*, shall attain the age of twenty-one years."

The testator had no other child by his wife *Margaret*; but at his death left those named in the will surviving him. The will was probably drawn some time before the testator's death, so that he might naturally suppose that other "child or children" might be born to him of his then wife, and that some of those then in existence might die within his lifetime; and it seems that he desired all those living at his death to share his property. *Mary Ellen* and *Catherine Kelly* died childless, leaving *Ann Lynch* surviving, who claims the entire shares of the two deceased sisters, in exclusion of the mother, and all others who might be entitled to inherit.

We think the will did not make an executory devise. The estate vested on the death of the testator. 2 Shars' Blk. Com. 173. And our statute enacts, 1 R. S., §§ 7, 8, p. 233, that "All conveyances and devises of lands, or of any interest therein, made to two or more persons, except as provided in the next following section, shall be construed to create estates in common and not in joint tenancy; unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy."

"The preceding section shall not apply to mortgages, nor to conveyances in trust, nor when made to husband and wife; and every estate vested in executors, or trustees as such, shall be held by them in joint tenancy." We think it does not manifestly appear from the tenor of the will in question that it was intended to create an estate in joint tenancy. See *Jones* v. *Miller*, 13 Ind. 337; *Rumsey* v. *Durham*, 5 *id.* 71; *Thieband* v. *Sebastian*, 10 *id.* 454; and *Miller* v. *Keegan*, 14 *id.* 502. The *jus accrescendi* did not govern, at the death of the several devisees, but the general law of descent.

*Per Curiam.* — The judgment is reversed, with costs. <span>May Term,</span>
Cause remanded, &c.                                          **1861.**

*S. A. Huff*, *Z. Baird*, *J. M. LaRue*, *J. E. McDonald* and   <span>Wilson</span>
*A. L. Roache*, for the appellants.                              <span>v.</span>
   *R. Jones* and *R. C. Gregory*, for the appellees.           <span>Dale.</span>