## DAVIS v. CLARK.

INJUNCTION.—JURISDICTION.—The Circuit Court has jurisdiction of an application for an injunction to restrain the sale of real estate upon an execution issued upon a judgment rendered in the Court of Common Pleas, where the ground of the application is that the property levied upon is not the property of the execution defendant.

DEED TO HUSBAND AND WIFE.—At common law, if a conveyance of real estate was made to husband and wife, they did not take as joint tenants, or tenants in common, but both were seized of an entirety, and neither could dispose of any part of the estate without the assent of the other, the whole remaining to the survivor.

SAME.—The statute has not changed this common law rule, but has expressly recognized it.

SAME.—The husband does not, under the statutes of this State, acquire any legal interest or estate in the lands of the wife, but the same and the profits thereof remain her separate property.

SAME.—Where land is conveyed to husband and wife, the former has not such an estate in the lands as is subject to sale on execution. The right of survivorship does not constitute a contingent or vested remainder, but is a mere incident of the estate.

APPEAL from the *Bartholomew* Circuit Court.

ELLIOTT, J.—This was a suit by *Clark*, the appellee, against *Davis*, the appellant, and others, to enjoin the sale

of certain real estate, by the sheriff on execution. The material allegations of the complaint are, in substance, as follows: That *Catharine May*, the wife of *Daniel May*, was seized in fee, by descent from her father, of the lands described in the complaint, and being childless, for the purpose of securing the inheritance in the lands ·to her husband, should he survive her, on the 29th day of *June*, 1863, joined with her said husband in a deed of conveyance, by which they conveyed said lands to *Simeon Stansifer* in fee, but in trust and for the sole purpose that he should re-convey the same to said *Daniel* and *Catharine* jointly; that said deed was delivered to said *Stansifer* on the 6th of *January*, 1864, who, on the same day, by a deed of quit-claim, re-conveyed said lands to the said "*Daniel May* and *Catharine May*, his wife, the survivor to inherit."

On the 26th of *July*, 1865, *Davis*, the appellant, recovered a judgment in the Court of Common Pleas of *Bartholomew* county, against said *Daniel May*, for the sum of $166 69 and costs of suit. On the 25th of *December*, 1865, said *May* and his wife sold and conveyed said lands to the plaintiff *Clark*, for the sum of $5,600; of which sum he paid at the time of the purchase $300, and secured the payment of the residue in installments.

On the 28th of *March*, 1866, the defendant *Davis* caused an execution (*fi. fa.*) to be issued on his said judgment against said *Daniel May*, and placed in the hands of the sheriff of said county, who afterwards levied the same on "all the right, title and interest which said *Daniel May* had in said real estate on the 26th day of *July*, 1865," the date of said judgment, and advertised the same for sale on the 5th day of *May*, 1866. The complaint denies that *Daniel May* had any interest in said lands at the date of said judgment subject to execution, and prays that, as a sale of the lands under said execution would cast a cloud upon the plaintiff's title thereto, the sheriff be perpetually enjoined from selling the same, and for general relief. *May* and wife were also made defendants, and were duly defaul-

ted. The defendant *Davis* appeared and demurred to the complaint, for the reasons: 1. That the court had no jurisdiction of the subject of the action, the execution sought to be enjoined having issued from the Common Pleas Court, on a judgment therein. 2. That the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court, to which the defendant *Davis* excepted.

*Davis* then filed an answer, alleging that said *Catharine* caused the conveyances to *Stansifer*, and from him to her and her husband, *Daniel May*, to be made for the purpose of giving the latter credit with the public; that after said conveyances, and on the faith and credit of said lands, and from the belief that said *Daniel* had an undivided interest therein, he did obtain credit, and became largely indebted to sundry persons, who are named, including said *Davis*, amounting in the aggregate to over $3,000, on which judgments had been recovered, and all of which remained unpaid; and that prior to said conveyances the said *Daniel May* was not possessed of any property whatever. The court sustained a demurrer to the answer and rendered a final judgment and decree for the plaintiff in accordance with the prayer of the complaint. To these rulings *Davis* also excepted, and appeals here.

The first question presented by the demurrer to the complaint is, had the Circuit Court jurisdiction of the cause?

The appellant insists that as the execution levied on the lands in controversy, the sale of which was sought to be enjoined, was issued upon a judgment rendered in the Court of Common Pleas of the same county, the latter court had exclusive jurisdiction of the subject, and refers to the case of *The Indiana, &c., R. R. Co.* v. *Williams*, 22 Ind. 198, as sustaining the position. In that case a judgment was rendered in the Circuit Court, on which an execution was issued and levied on personal property of one of the execution defendants, and the sale was postponed by the agreement of the parties. Afterwards a writ of *venditioni exponas*

was issued on the judgment, commanding the sheriff to sell the personal property levied on under the original execution, but the sheriff, without selling the same, levied the *vendi.* on real estate of the other defendant, and was about to sell the same, without having first sold the personal property previously levied upon. The latter defendant filed a complaint in the Court of Common Pleas to enjoin the sale of the land until the personal property was first disposed of. It was held that the Court of Common Pleas had no jurisdiction in the case. The decision was based on *Grant* v. *Quick*, 5 Sandf., 612, in which it was held, under statutory provisions similar to ours, that "no court of that State can rightfully enjoin a party from proceeding in a suit in another court of the same State, having equal power to grant the relief sought by the complaint on which such injunction is asked." In the case referred to in 22 Ind. it was said by DAVISON, J., that "there is no legal propriety in allowing the Common Pleas, a court of inferior jurisdiction, to enjoin and adjudicate upon the validity of process issued from the Circuit Court. And the statute properly construed, in our judgment, intends that each of these courts shall enjoin, control and litigate in reference to its own process."

But that case is not analogous to this, and is not in point. Here the complaint was filed in the Circuit Court, a court of general jurisdiction, and having in the main exclusive jurisdiction in cases involving the title to real estate. Besides, in this case, it is not sought to enjoin the prosecution of an action in the Court of Common Pleas, nor the execution of a judgment in that court, nor to determine the validity or enjoin the execution of final process issued thereon, but simply to enjoin the sheriff from selling the lands of the plaintiff under an execution against another party, to which it is claimed they are not subject, and to prevent a cloud being thereby cast upon the plaintiff's title, and we think the Circuit Court had jurisdiction.

The next and principal question in the case is, does the

complaint state facts sufficient to constitute a cause of action, and to entitle the plaintiff to the relief prayed?

The solution of this question must depend upon the legal effect of the deed of conveyance from *Stansifer* to *Daniel May* and his wife *Catharine*, and whether it conveyed to *Daniel May* any estate or interest subject to execution under the laws of this State. At common law, if an estate is granted, as in this case, to a man and his wife, they are neither properly joint tenants, nor tenants in common, for husband and wife being considered one person in law, they cannot take the estate by moieties, both are seized of the entirety, *per tout*, and not *per my*. Neither can dispose of any part of the estate without the assent of the other, but the whole must remain to the survivor. 2 Black. Com. 182; 2 Kent. Com. 132; *Rogers* v. *Benson*, 5 Johns. Ch. R. 431; *Jackson, ex dem., &c.*, v. *Stevens*, 16 John. 110; *Torrey* v. *Torrey*, 14 N. Y. 430; *Bevins* v. *Cline's Adm'r*, 21 Ind. 37. The common law prevails in this State, except where it is changed or abrogated by statute. Our statute has not changed the common law rule as to the estate created by grants of real estate to husband and wife, but, on the contrary, has expressly recognized it. The seventh and eighth sections of the act concerning real property, and the alienation thereof, 1 G. & H. 259, are as follows:

Sec. 7. "All conveyances and devises of lands, or of any interest therein, made to two or more persons, except as provided in the next following section, shall be construed to create estates in common and not in joint tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy, and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy."

Sec. 8. "The preceding section shall not apply to mortgages, nor to conveyances in trust, nor when made to husband and wife; and every estate vested in executors or trustees, as such, shall be held by them in joint tenancy."

The common law did not subject real estate to sale on execution for the payment of debts; but the statute has changed the common law and made "all lands of the judgment debtor, whether in possession, reversion or remainder," liable to be sold on execution against the debtor owning the same, or for whose use the same are holden.

By the common law the husband, by virtue of the marriage, acquired an estate, at least during their joint lives, in the real estate of the wife, and if he became tenant by *curtesy initiate*, by the birth of a child, then during his own life, and was entitled to the possession and use thereof. He could convey such interest without the assent of the wife, and under the statute it was subject to sale on execution for the husband's debts. And it would seem from the authorities that by the common law the husband would also be entitled to the possession, use and control of lands granted to him and his wife jointly, in the same manner, during their joint lives, and could convey the use and possession for the same term. But the authorities on this point are not uniform. See 2 Kent. Com. 132–3. In *Torrey* v. *Torrey*, 14 N. Y., 430, in reference to this question, it was said by DENIO, C. J: "The husband, while he lived, could not by any act of his impair or prejudice the right of survivorship of the wife. He had the absolute control of his wife's estate for his own life, but no longer. At his death she became the owner of the whole as survivor." The same rule is stated in Washburn on Real Prop., side p. 425, title "Estates in Entirety." To the same effect is *Jackson* v. *Stevens*, 16 John. 110. A contrary opinion is expressed in *Doe* v. *Howland*, 8 Cowen, 277, and in *Bevin* v. *Cline's Admr.*, 21 Ind. 37. But it is not necessary that we should decide this question here, for the reason that if such were the rights and powers of the husband at common law, they are changed by statute in this State. The statute enacts that "no lands of any married woman shall be liable for the debts of her husband, but such land and the profits therefrom shall be her separate property, as fully as if she was

unmarried; provided that such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join." And again: "The separate deed of the husband shall convey no interest in the wife's land." Under these provisions of the statute it is evident that the husband does not, by virtue of the marriage, acquire any legal interest or estate in the lands of the wife, but the same, and the profits thereof, remain her separate property. He cannot, by his separate deed, convey any interest in them, and they are in no wise liable for his debts. By the deed of *Stansifer*, *May* and his wife each became seized of the entire estate, and under the statute each was entitled to the use of the whole, and no act or conveyance of the husband, or sale on execution against him, could affect or divest the seizin or use of the wife. Neither had any separate estate or interest that could be sold or disposed of without the assent of the other. And, as a necessary consequence, it follows that *Daniel May*, the husband, was not seized or possessed of such an estate as became subject to the lien of *Davis'* judgment.

But it is claimed by the appellant that if a tenancy by entirety prevails in this State, then *Daniel May*, the husband, by the conveyance of himself and wife, had a contingent remainder in the land at the date of the judgment, by virtue of his right of survivorship, and that under the statute making lands held in remainder liable to sale on execution, such contingent remainder was liable to the judgment. This position seems to us untenable. The right of survivorship, we think, did not constitute a remainder, either contingent or vested, in the legal sense of that term. The deed of *Stansifer* conveyed to *May* and wife the entire estate, and the right of survivorship is simply an incident of an estate granted to husband and wife and does not constitute a remainder. No particular estate, less than a fee simple, was first granted, by which a remainder could be left.

The appellant also insists that the court erred in sustaining the demurrer to his answer. We do not think so.

There is no complaint of concealment, fraud or mistake in making the deed, and the persons dealing with *May* must be presumed to have known the legal effect of the conveyance, and the nature of the estate conveyed thereby. We think the answer was clearly bad, and the demurrer therefore was correctly sustained.

The judgment is affirmed, with costs.

*F. T. Hord*, for appellant.

*S. Stansifer*, for appellee.