*R. Hill, G. W. Richardson,* and *F. T. Hord,* for appellees.

---

### ARNOLD and Others *v.* ARNOLD.

| | |
|---|---|
| 30 | 305 |
| 135 | 181 |
| 136 | 662 |
| 30 | 305 |
| 140 | 426 |
| 142 | 224 |

CONVEYANCE TO HUSBAND AND WIFE.—*Common Law.*—At common law, if a conveyance of real estate is made to a man and his wife, they are not joint tenants or tenants in common, but both are seized of the entirety, *per tout,* and not *per my.* Neither can dispose of any part of the estate without the assent of the other, but the whole must remain to the survivor.

SAME.—*Statute.*—Such was the law under the act of January 2d, 1818 (Rev. Stat. 1838, 393), and such is the law under the statutes of 1852 (1 G. & H. 259, secs. 7, 8).

APPEAL from the Hendricks Common Pleas.

RAY, C. J.—The appellants filed a petition for partition, alleging that one William Arnold died, intestate, in the year 1867, seized of an estate in fee simple in certain lands; that he left surviving him, as his only heirs, his widow, the

appellee, and the appellants, the children of the marriage; and praying partition of the lands.

The appellee answered, admitting the facts stated, except as to one of the tracts of land mentioned in the petition, which she claimed was her exclusive property. The answer alleged that the tract in question was conveyed to herself and husband after their marriage, to wit, on the 11th day of December, 1838, by the mother of the appellee, and she claimed to hold said land as survivor, in fee simple. A demurrer was overruled to this paragraph. In *Davis* v. *Clark*, 26 Ind. 424, this question was settled in favor of the ruling of the court below. It was there held, that at common law, if an estate is granted, as in this case, to a man and his wife, they are neither properly joint tenants nor tenants in common; for husband and wife being considered one person in law, they cannot take the estate by moieties. Both are seized of the entirety, *per tout*, and not *per my*. Neither can dispose of any part of the estate without the assent of the other; but the whole must remain to the survivor. Such was the law in force at the date of the conveyance in this case. Act of January 2d, 1818, declaring what laws shall be in force (Rev. Stat. 1838, p. 398). The law was the same at the time of the death of the husband. 1 G. & H. 259, secs. 7, 8.

The judgment is affirmed, with costs.

*S. T. Hadley*, for appellants.

*C. Foley*, for appellee.