## JONES v. CHANDLER.

WILL.—*Devise to Husband and Wife and Heirs.—Tenancy by Entireties.*—
The following clause in a will: " To my son, Algernon R. Jones, his wife, and his heirs, seven-thirtieths (7-30) of all my estate," created an estate by entirety in Jones and his wife, and he could not alienate it, nor could it be sold on execution against him to her prejudice.

APPEAL from the Vanderburg Circuit Court.

PETTIT, C. J.—This case depends upon the construction to be given to the following clause in the will of Michael P.

Jones *v*. Chandler.

Jones: "7. To my son, Algernon R. Jones, his wife, and his heirs, seven-thirtieths (7-30) of all my estate." Does this clause create a fee absolute in Jones and his wife by entirety? If so, the judgment must be reversed; but if it creates, as is earnestly contended by the counsel of appellee, a fee simple absolute in Jones, and only a life estate in his wife, then the judgment must be affirmed.

By 1 G. & H. 259, sec. 7, "all conveyances and devises of lands, or of any interest therein, made to two or more persons, except as provided in the next following section, shall be construed to create estates in common and not in joint tenancy; unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy.

"Sec. 8. The preceding section shall not apply to mortgages, nor to conveyances in trust, nor when made to husband and wife; and every estate vested in executors, or trustees as such, shall be held by them in joint tenancy."

The estate created by the will in Jones and his wife is an estate by entirety, and not a joint tenancy.

"Notwithstanding any act of the husband, the wife, upon his death, takes the whole; not by survivorship, which implies an accession of something not owned before, but by virtue of the original limitation; and, as if the land had been given to them during the lives of both, and, after the death of either, to the survivor alone." 1 Hilliard Real Prop. 796. Herein this estate materially differs from estates in joint tenancy, for the surviving tenant, on the death of his co-tenant, does not become seized of the whole by virtue of the original limitation, but by virtue of the *jus accrescendi*. Because, in estates by entirety, during the lives of the persons seized, neither tenant can, by any act, charge or prejudice the interest of the survivor, while in estates in joint tenancy, during the lives of the persons seized, the interest may be severed in divers ways, as "by a destruction of any of its

constituent unities, except that of time." So it may be charged, as if execution be issued against one tenant during his life, the survivor is bound. Therefore, we see that a surviving tenant by entirety takes the whole estate, regardless of any act of the deceased tenant, and a surviving joint tenant takes the whole estate only in case the constituent unities are preserved, or the estate is in no way legally encumbered. In one case the survivor is bound by the acts of the co-tenant, in the other not.

An execution issued during the life of a joint tenant was such a lien upon the jointure as might rightfully be incurred, and the survivor took the estate subject to such lien. But not so in estates by entirety. No act, no indebtedness, no judgment, no execution, can affect the interest of the survivor. The wife takes the entirety, discharged of all the liabilities of the husband, and *vice versa.*

In the case of *Davis* v. *Clark*, 26 Ind. 424, the court held: "At common law, if any estate is granted, as in this case, to a man and his wife, they are neither properly joint tenants, nor tenants in common, for husband and wife being considered one person in law, they cannot take the estate by moieties, both are seized of the entirety, *per tout*, and not *per my.* Neither can dispose of any part of the estate without the assent of the other, but the whole must remain to the survivor. The common law prevails in this State, except where it is changed or abrogated by statute. Our statute has not changed the common law rule as to the estate created by grants of real estate to husband and wife, but on the contrary, has expressly recognized it. By the deed of Stansifer, May and his wife each became seized of the entire estate, and under the statute each was entitled to the use of the whole, and no act or conveyance of the husband, or sale on execution against him, could affect or divest the seizin or. use of the wife. Neither had any separate estate or interest that could be sold or disposed of without the assent of the other." In this case the conveyance was to "Daniel May and Catharine May, his wife, the survivor to inherit." Davis

recovered judgment against May, who, together with his wife, afterward conveyed their estate to Clark. Execution issued in favor of Davis, against the property of May, which was levied on his interest in the land conveyed to him and his wife. Clark brought his action to enjoin the sale, which was done by the court below. On appeal to this court the judgment was affirmed.

A devise or conveyance to A. B. vests in him an estate in fee simple. A devise or conveyance to him, his heirs, and assigns does no more. Words of inheritance are, by our statute, unnecessary. 1 G. & H. 260, sec. 14. If a devise to Jones and his wife would have given them an estate in fee simple by entirety, a devise to them and their heirs would have done no less; and finally the case is narrowed down to the effect of a limitation to the heirs of one of them. This is the case at bar, and we hold that the estate of the ancestors is no more affected by it than if the limitation had been to the heirs of both. Husband and wife are, in the eye of the law, regarded as one person. A devise to both creates in them not an individual separate estate, but a sole, like, inseparable interest. They cannot take independent, separate interests by the same instrument, and in the same property. "Husband and wife being but one person, cannot, during the coverture, take separate estates; therefore, upon a purchase made by them both, each has the entirety, and they are seized *per tout*, not *per my*; and the husband cannot forfeit or alien the estate, because the whole of it belongs to his wife as well as to him." 1 Cruise Dig., title 18, sec. 45.

In the case of *Arnold* v. *Arnold*, 30 Ind. 305, it was held, "that at common law, if an estate is granted, as in this case, to a man and his wife, they are neither properly joint tenants nor tenants in common; for husband and wife being considered one person in law, they cannot take the estate by moieties. Both are seized of the entirety, *per tout*, and not *per my*. Neither can dispose of any part of the estate without the assent of the other; but the whole must remain to the survivor."

In the case of *Simpson* v. *Pearson*, 31 Ind. 1, the convey-ance was to "Reuben Simpson and Martha C. Simpson, their heirs and assigns." Under this deed the court held, "where real estate is conveyed in fee simple to a man and his wife, upon the death of the husband he leaves no estate in such land subject to the payment of his debts, or that descends to his heirs; but the widow becomes seized of the whole estate to her sole use by virtue of her right of sur-vivorship."

"From the unity of their persons by marriage, they have each the whole estate in the parcels entirely, as one person, and, on the death of one of them, the entire tenement, for all the estate, belongs to the other; and neither of them alone has power to alien, to prejudice the other's right." 1 Coke, 741, note *l*, and authorities there cited. We cite 2 Coke Littleton, 187 *a*, sec. 291; 2 Cooley Bl. 182, note 6; 1 Washb. Real Prop. 424, *et seq*; 4 Kent, 362; *Shaw* v. *Hearsey*, 5 Mass. 521; *Barber* v. *Harris*, 15 Wend. 615; *Jackson* v. *McCon-nell*, 19 Wend. 175; *Doe* v. *Parratt*, 5 T. R. 652.

In 2 Jarman Wills, 250, the author, in speaking of de-vises to two persons jointly with a limitation to the heirs of one of them, says: "Here it may be observed, that where there is a limitation to two persons jointly, with remainder to the heirs of the body of one of them, the disentailing as-surance (now substituted for a common recovery) of the lat-ter will acquire the fee simple in a moiety; unless these persons are husband and wife, in which case, as they take by entireties, and not by moieties, neither of them singly and without the concurrence of the other, can make an effectual conveyance of the immediate freehold."

In the late well considered case of *Chandler* v. *Cheney*, 37 Ind. 391, the doctrine of estates by entirety, and the power and rights of the tenants of such estates, are re-examined, and the former rulings of this court adhered to.

The case of *French* v. *Mehan*, 56 Penn. St. 286, is a strong case directly in point with the one before us. In that case the deed was to William Mehan and Susannah, his wife, his

heirs and assigns. A judgment was obtained against William Mehan, and the land sold on execution. After the death of William, Susannah, his widow, brought suit to recover the lands. The court held that husband and wife are one person in law, and cannot take by moieties in a joint purchase or gift of land; that both are seized of the entirety; neither can alienate without the consent of the other, and the survivor takes the whole. If the wife survives, she takes the whole estate discharged of the husband's debts, because she does not take through him, but by the paramount grant in the original conveyance.

We hold that the clause in the will created an estate by entirety in Algernon R. Jones and his wife, the appellant, and that he could not alienate it, nor could it be sold on execution against him to her prejudice, and, consequently, the overruling of the demurrer to the answer was error.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to sustain the demurrer to the answer.

*C. Denby* and *D. B. Kumler,* for appellant.

*A. Iglehart, J. J. Chandler,* and *J. E. Iglehart,* for appellee.