McConnell *v.* Martin *et ux.*

---

## MCCONNELL *v.* MARTIN ET UX.

WITNESS.—*Husband and Wife.*—On the trial of an action brought by a husband and wife to recover the possession of real estate to which the plaintiffs claimed title under a conveyance made to them jointly, both the husband and the wife were competent witnesses for the plaintiffs to disprove the charge that said conveyance was made to the plaintiffs jointly to defraud creditors of the husband.

HUSBAND AND WIFE.—*Conveyance.—Fraud.*—Where real estate has been conveyed to a husband and wife, such real estate cannot, in the absence of fraud, be sold on execution under a judgment rendered against said husband after said conveyance, for a debt contracted by him before the conveyance.

SAME.—*Evidence.*—In determining the question whether said conveyance was made to the husband and wife jointly for the purpose of defrauding creditors of the husband, the amount and value of his property at the time of the conveyance are proper matters of inquiry, and the fact that at that time he had other property sufficient to pay his debts is admissible in evidence.

SAME.— *Wife's Separate Property.*—Where a husband and wife united in conveying real estate which was the separate property of the latter, in exchange for other real estate, under an agreement that the title to that received should be taken in her name, and, without her knowledge or consent, said title was taken in the name of the husband, and the real estate so received was exchanged by said husband and wife, with money belonging to the husband, for other real estate, the title of which was taken in the names of the husband and wife jointly, the real estate so last transferred by them could not be regarded as the property of the husband in considering the question whether or not the title of the real estate for which it was exchanged was taken in the names of the husband and wife for the purpose of defrauding creditors of the husband.

From the Tippecanoe Circuit Court.

*R. C. Gregory, W. B. Gregory* and *W. C. Wilson,* for appellant.

*H. F. Blodgett* and *F. B. Everett,* for appellees.

DOWNEY, C. J.—This was an action by the appellees against the appellant, to recover the possession of certain real estate. The action was commenced in Benton county, and went by change of venue to Tippecanoe. The answer was a general denial. There was a trial by a jury, and a verdict for the plaintiffs. A motion by the defendant for a new trial was overruled, and there was final judgment for the plaintiffs.

There is but one error assigned, and that is the refusal of the court to grant a new trial.

The real estate in question had been conveyed on the 4th day of March, 1857, by Henry L. Ellsworth, to the appellees, the plaintiffs, as husband and wife. The defendant claimed, mediately, under a sheriff's deed in a sale of the lands on execution against Robert Martin, the husband, at the suit of one Silvers, who purchased at the sheriff's sale, and conveyed to one Simonson, who, before this action was commenced, conveyed to the defendant. The contract on which the judgment was rendered in favor of Silvers against Robert Martin was made January 1st, 1855. The judgment was rendered on the 1st day of February, 1858. The execution issued on the 10th day of June, 1858. The sheriff's sale was made on a writ of *venditioni exponas,* on the 4th day of June, 1859. The sheriff's deed bears date June 22d, 1859.

It is conceded that as the title to the land was conveyed by Ellsworth to Martin and wife, the land could not legally have been sold on an execution against Martin, the husband. But it was claimed at the trial that the title to the land was conveyed to Martin and wife to defraud the creditors of Martin, and that, for that reason, the deed from Ellsworth to Martin and wife was void as to Silvers, and the land, therefore, liable to be sold on his execution.

On the trial, Martha A. Martin, the wife, was allowed,

over the objection of the defendant, to testify as a witness for the plaintiffs, and, in like manner, Robert Martin, the husband, was also allowed to testify for the plaintiffs, the testimony of each tending to repel the charge of fraud in the deed vesting in them the title to the land. The objection to such testimony, on the trial, and that which is now urged, is, that the wife, when testifying, must necessarily give evidence for the husband, and in like manner, the husband, when giving evidence, must necessarily testify for the wife, they being seized of the estate by entireties. *Davis* v. *Clark,* 26 Ind. 424; *Arnold* v. *Arnold,* 30 Ind. 305; *Falls* v. *Hawthorn,* 30 Ind. 444; *Simpson* v. *Pearson,* 31 Ind. 1; *Chandler* v. *Cheney,* 37 Ind. 391.

Counsel for appellant urge that, although the statute, 3 Ind. Statutes, 559, section 1, authorizes any party in a civil action to testify in his own behalf, yet it is also provided by the same law, sec. 2, that husband and wife, as to matters for or against each other, shall not in any case be competent witnesses. These conflicting statutes, it is claimed, neutralize each other, and leave the question as it was at common law, and that the wife is thereby incompetent to testify in such case.

That husband and wife cannot be witnesses for or against each other, is a rule of the common law. It has been enacted into a statute in this State. Parties could not testify in their own behalf at common law. This rule is abrogated in this State, and it is provided by statute that every person of competent age may be a witness in any civil or criminal cause, or proceeding, and no person is disqualified as a witness by reason of interest in the event of that or any other action, or because such person is a party in said action or proceeding other than criminal. Section 1 above. Later, by the act of March 10th, 1873, Acts 1873, 227, the defendant in a criminal action is allowed to testify in his own behalf. There has been an evident tendency lately in our legislation to open the door to evidence from sources to which the courts could not heretofore look for any light in

the investigation of questions of fact. It is in consequence of this tendency that parties to actions, civil and criminal, have been authorized to testify in their own behalf. The question before us is a very embarrassing one, and it is not the first time that the court has found great difficulty in settling questions arising under the statutes to which we have referred. Substantially, we think, the question here involved was decided by the court in *Bennifield* v. *Hypres*, 38 Ind. 498, and *Rogers* v. *Rogers*, 46 Ind. 1. The last named case seems much in point, as there the husband and wife jointly owned one of the tracts of land in question. We hold, then, that the court committed no error in admitting the testimony of the parties in their own behalf, although thereby the rights of the other party might be incidentally affected.

The next question is as to the admissibility of certain evidence of Robert Martin, relating to the state and amount of his property at the time the deed from Ellsworth was made to him and his wife.

There was evidence tending to show that part of the price of the land was paid with means derived by the wife from her father's estate, and the residue, three hundred dollars, was paid by the husband. He testified, over the objection of the defendant, that, at the time of the purchase, he had personal property to the amount of eighteen hundred or two thousand dollars, and more than enough to pay all his debts.

The question whether the purchase of the land in the name of the husband and wife, from Ellsworth, was fraudulent or not, was a question of fact, and we think the amount and value of the property of the husband at that time was a circumstance proper to go to the jury, to enable them correctly to decide that question.

Objection is made to the following instruction, given by the court to the jury:

"Now, gentlemen, if you find from the evidence that the consideration was paid by said Robert, and at the time of said conveyance he, said Robert, was indebted to said Silvers,

and that he had not sufficient other property, at the time of the levying of said execution, to pay said debt, then the title of said Martha Ann, as to the said debt, is presumed to be fraudulent and void, and you should find for the defendant, unless such fraud is disproved."

The same objection is urged to this instruction as that made to the evidence of Martin that he had other property at the date of the deed.

It is urged that lands fraudulently conveyed are subject to sale on execution, and that the sheriff was not bound to go upon the other property of the execution defendant, but might levy upon the land in the first instance.

We think, however, that the question here is not one concerning the order in which the property shall be sold; but it is whether the land is liable to be sold at all or not. If there was no fraud in vesting the title as it was vested, then the land was not liable to be sold on the execution against the husband. Whether there was fraud or not, depended on the question, among others, as to the amount of property owned by the husband when the deed was made.

The instruction, taken as a whole, was quite strong enough, if not too strong, against the wife, in fixing the date of the levy of the execution, instead of the date of the deed, as the time with reference to which she must show that the husband had property to pay the debt. The deed was made March 4th, 1857. The levy was made the 24th of July, 1858.

Objection is made, in a general way, to other instructions, and we are referred to *Ramsdall* v. *Craighill*, 9 Ohio, 197, in support of the objection. That case decides that when the husband and wife unite in selling the lands of the wife, and receive the money, it becomes the money of the husband. This may be true in the absence of any controlling circumstances. But in the case under consideration, the evidence tended to show that the interest of the wife in her father's estate was exchanged for land in Wells county, which was to have been conveyed to her; that that land was exchanged

for a lot in Lafayette, the title to which was to have been vested in her, and that the lot in Lafayette and the three hundred dollars were given for the land in question. The title to the land in Wells county and that to the lot in Lafayette were taken in the name of the husband, but, the wife testified, without her knowledge or consent, and in violation of the agreement. We think it proper that such arrangements should be closely scrutinized, as fraud against creditors may often be thus concealed; but in the absence of fraud we see no reason why they are not valid.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.