HULETT ET AL. *v.* INLOW ET UX.

CONVEYANCE TO HUSBAND AND WIFE.—*Tenants by Entireties.*—The portion conveyed to a husband and wife by a conveyance of real estate to them nd a third person is held by them as tenants by entireties, though they be not described therein as husband and wife, and is not subject to execution for the debts of the husband.

SAME.—*Interest of Husband can not be Sold on Execution.*—*Injunction.*—An execution creditor of the husband, and the sheriff holding the execution, may be enjoined by the husband and wife from levying upon and selling real estate held by them as tenants by entireties.

From the Montgomery Circuit Court.

*A. Thompson, H. H. Ristine, T. H. Ristine, B. F. Ristine, S. Claypool, J. L. Mitchell* and *W. H. Ketcham,* for appellants.

*M. D. White, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellees.

PERKINS, J.—The following complaint, in the form of a petition, was filed in the Montgomery Circuit Court:

" To the Hon. A. D. Thomas, Judge of said Court :

"Your petitioners, the plaintiffs in this case, would state, that, on the 2d day of April, 1868, they jointly purchased of one John Browning a certain tract of land in said county, to wit, the west half of the north-west quarter of section thirty-six, in town eighteen, range three west, excepting so much of said tract as is laid off in the original plat of the town of Valley City, as is platted from said tract, leaving in said tract 71 $\frac{20}{100}$ acres; also, 63 $\frac{43}{100}$ acres off of the east side of the east half of the north-east quarter of section 35, in township 18, north of range 3

west. A copy of said deed is filed herewith, marked 'Exhibit A,' and made a part hereof, which said deed was duly recorded in deed record No. 31, on page 628, in the recorder's office of Montgomery county."

The granting part of the deed is as follows:

" Convey and warrant to William J. Inlow, Emarine Inlow and Elizabeth Sparks, for the sum of eighty-two hundred dollars," the real estate described in the deed.

The complaint proceeds:

" That, at the time of the purchase and conveyance of said land, said William J. Inlow and Emarine Inlow were, are now, and ever since have been, husband and wife, and have, ever since the purchase, held and occupied the land as joint tenants; that, in the year 18—, they all jointly laid off a portion of said tract into lots, as an addition to said town, which town is now known as New Ross, said lots, so laid off, being in Wm. J. Inlow's 1, 2, 3 and 4 addition to said town; that on the — day of .————, at the September term of the circuit court of said county, in the year 1874, said defendant Emma W. Hulett obtained a judgment against said Wm. J. Inlow and Henry Hulett, doing business under the name and style of Inlow & Hulett; that on the — day of ————, 1874, the clerk of said court issued an execution on said judgment to the sheriff of said county, commanding him to levy upon and execute the property of the said defendants in said cause; that on the — day of ————, 1874, the said Isaac· M. Kelsey, sheriff of said county, levied on the undivided one-third part of the above lands, and is now advertising the same to be sold on the 30th day of January, 1875, and will sell the same on that day, unless he is restrained from so doing by the restraining order of this Hon. Court; that an emergency exists," etc.

A restraining order was granted.

At the ensuing term of the court, the defendants appeared and demurred to the complaint. The demurrer was overruled, and exception reserved. The defendants

refused to answer, and thereupon a perpetual injunction upon the sale was granted, and an appeal taken to this court.

Most, if not all, of the questions arising in this cause have been expressly decided by this court.

In *Chandler* v. *Cheney*, 37 Ind. 391, these two propositions are decided:

1. "A husband and wife, though not thus described in a deed of conveyance of real estate executed to them, take under such deed as tenants by entireties."

2. "While such an estate exists, no interest in it can be sold on execution for the debts of the husband or wife, but the conveyance creating it may be set aside for fraud."

See 2 Cooley's Bl. Com. 182, note 6.

If a conveyance be made to husband and wife and a third person, it seems that the portion taken by the husband and wife will be held by them as tenants by entireties. *Chandler* v. *Cheney*, 37 Ind., on page 401; *Anderson* v. *Tannehill*, 42 Ind. 141. What that portion is, is immaterial in this case.

It is said in *Chandler* v. *Cheney*, supra, that estates by entireties are generally spoken of as joint tenancies, "but this is not strictly accurate." The draftsman of the complaint in this case was guilty of the same inaccuracy, but that does not change the legal effect of the conveyance, nor the rights of the parties.

See, on this subject, *Davis* v. *Clark*, 26 Ind. 424; *Arnold* v. *Arnold*, 30 Ind. 305; *Fisher* v. *Provin*, 25 Mich. 347; *Hemingway* v. *Scales*, 42 Miss. 1.

The judgment below is affirmed, with costs.