Carver *et al. v.* Smith *et ux.*

---

No. 10,676.

CARVER ET AL. *v.* SMITH ET UX.

STATUTE.—*Repeal by Implication.*—Repeal by implication occurs only where there is an irreconcilable repugnancy between two statutes, in which case the earlier in point of time is repealed by the later so far only as is necessary to bring the two into harmony.

HUSBAND AND WIFE.—*Estates by Entireties.*—*Conveyance.*—*Repeal of Statute.*
—Tenancy by entirety was not abolished, nor the statute recognizing it,
R. S. 1881, section 2923, repealed by the act of 1881, enlarging the rights
of married women. R. S. 1881, section 5115, *et seq.*

SAME.—*Execution.*—Lands conveyed to husband and wife are not subject to
the levy of an execution against either while both are living.

From the Montgomery Circuit Court.

*G. D. Hurley,B. Crane* and *A. B. Anderson,* for appellants.

*B. T. Ristine, T. H. Ristine* and *H. H. Ristine,* for ap-
pellees.

BICKNELL, C. C.—The question presented by the demurrer
to the complaint is, what is the title of husband and wife to
land conveyed to them jointly?

The appellees held such land under a deed dated January
5th, 1882. The appellants levied thereon an execution against
the husband. The complaint of the appellees sought to en-
join the appellants. They separately demurred to the com-
plaint for want of facts sufficient, and their demurrers were
overruled. They appeal, assigning as errors the overruling
of their demurrers.

The appellants concede that, in Indiana, prior to 1881, a
husband and wife, upon a deed made to both, became neither
joint tenants nor tenants in common, but were seized of the
entirety, so that, on the death of either, the survivor took the
whole, and during their joint lives neither could convey with-
out the consent of the other, nor could any part of the land
be taken in execution for the separate debt of either; but the
appellants claim that, as a necessary consequence of the legis-
lation of 1881 upon the rights of married women, a husband
and wife became separate persons, and that, as their legal
unity was the basis of the law under which they took the en-
tirety, therefore, as such legal unity no longer exists, the law
founded thereon no longer exists, because when the reason of
a law ceases the law itself ceases. Co. Litt. 70 b ; 7 Co. Rep. 69.

The appellants' proposition is as follows : Under the former
law of Indiana a husband and wife took by entireties, because

they were legally one person, but, under the statutes of 1881, they are not legally one person, therefore they can no longer take by entireties. The rule that husband and wife take by entireties was a part of the common law, but it has been in force by statute, in Indiana, ever since 1807. Section 236, R. S. 1881, which adopts part of the common law, including the rule aforesaid, was, in substance, first enacted in Indiana in 1807, and has been repeated in each succeeding revision of our statutes. The effect is the same as if for 74 years the statute had expressly declared that husband and wife, under a deed to them jointly, shall take by entireties and not as joint tenants or tenants in common. It is the same in effect as if such a statute had been re-enacted in 1881.

But this is not all. The existence of this statutory rule has been recognized by other legislation. Section 18, R. S. 1843, p. 417, provides that conveyances of land to two or more persons, except as provided in the next following section, shall be construed to create estates in common and not in joint tenancy, and section 19, next following, provides that the preceding section shall not apply to conveyances made to husband and wife, and these provisions of the law of 1843 are repeated in the Revised Statutes of 1852, vol. 1, p. 233, sections 7 and 8, and in the Revised Statutes of 1881, sections 2922, 2923; and the existence of the said statutory rule has been judicially recognized. This court has always held that upon a deed to husband and wife they take by entireties, and that during their joint lives there can be no sale of any part on an execution against either. *Bevins* v. *Cline,* in 1863, 21 Ind. 37, 41; *Davis* v. *Clark,* 1866, 26 Ind. 424, 428; *Arnold* v. *Arnold,* 1868, 30 Ind. 305; *Simpson* v. *Pearson,* 1869, 31 Ind. 1, 4; *Chandler* v. *Cheney,* 1871, 37 Ind. 391; *Jones* v. *Chandler,* 1872, 40 Ind. 588; *Anderson* v. *Tannehill,* 1873, 42 Ind. 141; *McConnell* v. *Martin,* 1876, 52 Ind. 434; *Hulett* v. *Inlow,* 1877, 57 Ind. 412 (26 Am. R. 64); *Lash* v. *Lash,* 1877, 58 Ind. 526; *Patton* v. *Rankin,* 1879, 68 Ind. 245 (34

Am. R. 254); *Edwards* v. *Beall*, 1881, 75 Ind. 401. Here is an unbroken line of decisions from 1863 to 1881, all of them recognizing the validity of the statutory law as to entireties, and none of them intimating that said law had been in any degree impaired by the legislation of 1852 and later years enlarging woman's rights.

By chapter 52 of the R. S. of 1852, vol. 1, p. 320, the common-law rights of a married woman as to her separate real estate were substantially enlarged; they were again extended repeatedly. See Acts 1857, p. 92; Acts 1861, p. 182; Acts 1865, Spec. Sess., p. 184; Acts 1875, p. 178; Acts 1877, p. 94; Acts 1879, p. 160, and R. S. 1881, sec. 5115.

Sections 5 and 6, 1 R. S. 1852, p. 321, declared that the lands of a married woman should be her separate property as fully as if she were unmarried, provided that she should have no power to encumber or convey such lands except by deed, in which her husband should join, and that the separate deed of the husband should convey no interest in his wife's lands; but, although these statutes recognized the separate existence of the wife as a person, with interests distinct from those of her husband, and to that extent destroyed the old legal unity of the parties, yet it was never claimed that they, by implication, repealed the statute as to entireties, and all the cases above cited were decided while the statutes aforesaid of 1852 were in force.

The act of 1881, R. S. 1881, section 5117, is as follows:

"A married woman may take, acquire, and hold property, real or personal, by conveyance, gift, devise, or descent, or by purchase with her separate means or money; and the same, together with all the rents, issues, income, and profits thereof, shall be and remain her own separate property, and under her own control, the same as if she were unmarried. * * But she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage

the same, unless her husband join in such contract, conveyance, or mortgage: *Provided*, however, That she shall be bound by an estoppel *in pais*, like any other person."

The wife's right to her separate real estate, as a distinct person, is just as fully established by the aforesaid legislation of 1852 as by the legislation of 1881, and it is coupled with the same limitation in both the statutes, to wit, that she shall not convey or encumber the property except by deed, in which her husband shall join. The appellants recite the provisions of said acts of 1881 and ask "how can these provisions be reconciled with the idea of unity?"

Conceding that they can not be, and admitting that the old common law upon entireties was founded originally upon the legal unity of husband and wife, yet it does not follow that the statute of Indiana was enacted in 1807 and re-enacted in 1843 and in 1852 for any such technical reason. It was probably re-enacted in 1852 for sound reasons of public policy. See *Chandler* v. *Cheney*, *supra*, p. 410. And it certainly does not follow that a long established rule of property, declared by the Legislature, is abrogated by the mere fact that the reason alleged for the common law rule existing before the statute has failed.

Where there are several statutes co-existing, and the last of them is repugnant to the others, it impliedly repeals the others; that is, where they can not all stand and be enforced. *Farmers, etc., Ins. Co.* v. *Harrah*, 47 Ind. 236; *State, ex rel.*, v. *Forkner*, 70 Ind. 241. But repeals by implication are not favored in law. *Cruse* v. *Axtell*, 50 Ind. 49; *Lichtenstein* v. *State*, 5 Ind. 162.

There is no such repugnancy between the statutes now under consideration.

A married woman may well have all the personal rights conferred by the act of 1881, as to her separate property, without any interference or collision with the statutes as to entireties.

When husband and wife take by entireties, neither of them holds any of the property separately; in that respect they are equal, although in some respects he has personal rights of property which she has lost by her marriage.

Where a rule of property has existed for seventy years and is sustained by a strong and uniform line of judicial decisions, there is but little room for the court to exercise its judgment on the reasons on which the rule was founded. *Chandler* v. *Cheney, supra,* p. 414. Such a rule of property will be overruled only for the most cogent reasons and upon the strongest convictions of its incorrectness. Ram Judg. 237.

It is evident that the Legislature of 1881 did not intend to repeal the statutes establishing tenancies by entireties. They simply intended to enlarge in some particulars the separate power of the wife, which already existed under the acts of 1852 and the years following. In *Chandler* v. *Cheney, supra,* this court, after citing the many changes as to woman's rights introduced by the Legislature of 1852, says: "But it did not abolish estates by entireties as between husband and wife, but provided that when a joint deed was made to husband and wife, they should hold by entireties, and not as tenants in common or as joint tenants. The Legislature evidently had some purpose in continuing this peculiar estate. What was the purpose? In ascertaining the legislative intention we are required to take into consideration the entire scope of legislation during that session. There was a strong and determined purpose manifested to guard and protect the rights of married women. It is quite obvious to us, that the evident and manifest intention of the Legislature in providing for the continuance of estates by entireties, as between husband and wife, when joint tenancies between persons who were not married had been virtually abolished, was to provide a mode in which a safe and suitable provision could be made for married women." Again, after mentioning some of the difficulties connected with deeds of trust in

favor of married women and with deeds made directly to the wife, the court says: "To remedy this condition of things the Legislature continued this estate. It is true that it had existed at common law, but was not very clearly defined or understood, * * and as the virtual abolition of this tenancy would have destroyed estates by entireties, unless expressly saved by the statute, it was so saved and perpetuated. * * * An estate by entireties is better calculated to produce an unity of feeling and interest than any other."

As we have seen, the same provisions as to entireties which were thus "saved and perpetuated" in the revision of 1852, and were not impliedly repealed by the legislation of 1852 upon woman's rights, were again repeated in the revision of 1881. They were not repealed by the legislation of 1881 enlarging woman's rights to her separate property, and are not repugnant thereto. Cases are referred to by the appellants by which in New York, New Hampshire, Illinois and Iowa, it has been held that the recent legislation of those States upon woman's rights has, in effect, abolished estates by entireties. The statutes of those States are not the same as ours, but, if they were, we could not, under our legislative and judicial history above referred to, follow those decisions. We think the statutes of this State authorizing estates by entireties have not yet been repealed, either expressly or by implication. On the contrary, the continued existence of such statutes is as fully recognized by the legislation of 1881 as it was by the legislation of 1852. There was, therefore, no error in overruling the demurrer to the complaint.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.