Filed Oct. 20, 1893.

———————◆———————

No. 14,272.

## Thornburg et al. *v.* Wiggins et al.

Conveyance.—*Real Estate.—Deed.—Husband and Wife.—Joint Tenants.* *—Tenants by Entirety.—Execution.*—Where the granting clause of a deed is as follows: "This indenture witnesseth that Lemuel Wiggins and Mary Wiggins, his wife, of Randolph county, in the State of Indiana, convey and warrant to Daniel S. Wiggins and Laura Belle Wiggins, his wife, in joint tenancy," etc., such a conveyance makes the husband and wife joint tenants, and not tenants by the entirety, and the interest of each, as joint tenants of the land, is subject to execution, which would not be so if they held the land as tenants by the entirety.

From the Randolph Circuit Court.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellants.

*E. L. Watson, J. E. Watson* and *J. S. Engle,* for appellees.

Thornburg *et al. v.* Wiggins *et al.*

DAILEY, J.—This was an action instituted in the court below, in two paragraphs, in the first of which appellees allege, in substance, that on and before December 15, 1884, one Lemuel Wiggins was the owner of a certain tract of real estate therein described, containing eighty acres; that on said day said Lemuel and his wife, Mary, executed and delivered to the appellees a warranty deed, conveying to them the fee-simple of said real estate; that at the time of said conveyance the appellees were, ever since have been, and now are, husband and wife; that said deed conveyed to the appellees the title to said real estate which they took and accepted, ever since have held, and now hold by entireties and not otherwise; that appellees hold their title to said real estate by said deed of Lemuel Wiggins, and not otherwise; that on the 24th "day of April 1877, Isaac R. Howard and Isaac N. Gaston, who were defendants below, recovered a judgment in the Randolph Circuit Court for the sum of $403.70 and costs, against one John T. Burroughs and the appellee, Daniel S. Wiggins, as partners, doing business under the firm name of Burroughs and Wiggins; that on May 12, 1886, said Howard and Gaston caused an execution to be issued on said judgment and placed in the hands of the appellant, Thornburg, as sheriff of said county, and directed him to levy the same on said real estate, and that said sheriff did, on the 25th day of May, 1886, levy said execution on said real estate, or on the one-half interest in value thereof, taken as the property of said appellant, Daniel S. Wiggins, to satisfy said writ; that pursuant to the levy thereof said sheriff proceeded by the direction of said Howard and Gaston to advertise said real estate for sale under said execution and levy to make said debt, and did, on the 8th day of June, advertise the same for sale on the 3d day of July, 1886, and will, on said day, sell the same, unless restrained and enjoined

from so doing by the court; that said Daniel S. Wiggins has no interest in said premises, subject to sale thereon; that the appellees hold the title thereto as tenants by entireties, and not otherwise; that the sale of said tract on said execution would cast a cloud on the appellee's title," etc.

The second paragraph is the same as the first, in substantial averments, except that in this paragraph the appellees set out as a part thereof a copy of the deed under which they claim title to said real estate as such tenants by entireties.

The granting clause of the deed is as follows: "This indenture witnesseth, that Lemuel Wiggins and Mary Wiggins, his wife of Randolph county, in the State of Indiana, convey and warrant to Daniel S. Wiggins and Laura Belle Wiggins, his wife, in joint tenancy," etc.

Appellants separately and severally demurred to each paragraph of the complaint, and their demurrers were overruled by the court, to which the appellants excepted, and, refusing to answer the complaint, judgment was rendered in favor of appellees on said demurrers.

Appellants appeal, assigning as errors the overruling of said demurrers, and urge that the appellees under the deed took as joint tenants, and hence that the husband's interest is subject to levy and sale upon execution. A joint tenancy is an estate held by two or more persons jointly, so that during the lives of all they are equally entitled to the enjoyment of the land, or its equivalent in rents and profits, but, upon the death of one his share vests in the survivor or survivors until there be but one survivor, when the estate becomes one in severalty in him and descends to his heirs upon his death. It must always arise by purchase, and can not be created by descent. Such estates may be created in fee, for life, for years, or even in remainder. But the estate held by

each tenant must be alike. Joint tenancy may be destroyed by anything which destroys the unity of title. Our law aims to prevent their creation and they can not arise, except by the instrument providing for such tenancy. *Griffin* v. *Lynch*, 16 Ind. 396.

The 9th Am. and Eng. Ency. of Law, 850, says: "Husband and wife are, at common law, one person, so that when realty or personalty vests in them both equally * * * they take as one person, they take but one estate as a corporation would take. In the case of realty, they are seized not *per my et per tout*, as joint tenants are, but simply *per tout;* both are seized of the whole, and each being seized of the entirety, they are called tenants by the entirety, and the estate is an estate by entireties. * * * Estates by entireties may be created by will, by instrument of gift or purchase, and even by inheritance. Each tenant is seized of the whole, the estate is inseverable —can not be partitioned; neither husband nor wife can alone affect the inheritance, the survivor's right to the whole."

This tenancy has been spoken of as "that peculiar estate which arises upon the conveyance of lands to two persons who are, at the time, husband and wife, commonly called estates by entirety." As to the general features of estates by entireties there is little room for controversy, and there is none between counsel. Our statute reënacts the common law. *Arnold* v. *Arnold*, 30 Ind. 305; *Davis* v. *Clark*, 26 Ind. 424.

Strictly speaking, estates by entireties are not joint tenancies, *Chandler* v. *Cheney*, 37 Ind. 391; *Hulett* v. *Inlow*, 57 Ind. 412; the husband and wife being seized not of moieties, but both seized of the entirety *per tout* and not *per my*. *Jones* v. *Chandler*, 40 Ind. 588; *Davis* v. *Clark, supra; Arnold* v. *Arnold, supra.*

It has been said by this court in some of the earlier

decisions that no particular words are necessary. A conveyance which would make two persons joint tenants will make a husband and wife tenants by the entirety. It is not even necessary that they be described as such or their marital relation referred to. *Morrison* v. *Seybold*, 92 Ind. 298; *Hadlock* v. *Gray*, 104 Ind. 596; *Dodge* v. *Kinzy*, 101 Ind. 102; *Hulett* v. *Inlow, supra; Chandler* v. *Cheney, supra.*

But the court has said that the general rule may be defeated by the expression of conditions, limitations and stipulations, in the conveyance, which clearly indicate the creation of a different estate. *Hadlock* v. *Gray, supra; Edwards* v. *Beall*, 75 Ind. 401.

Having its origin in the fiction or common law unity of husband and wife, the courts of some States have held that married women's acts, extending their rights, destroyed estates by entirety, but this court holds otherwise. *Carver* v. *Smith*, 90 Ind. 222.

And the greater weight of authority is in its favor. Our decisions hold that neither, alone, can alienate such estate. *Jones* v. *Chandler, supra; Morrison* v. *Seybold, supra.*

There can be no partition. *Chandler* v. *Cheney, supra.*

A mortgage executed by the husband alone is void. *Jones* v. *Chandler, supra.*

And the same is true of a mortgage executed by both to secure a debt of the husband. *Dodge* v. *Kinzy, supra.*

And the wife can not validate it by agreement with the purchaser to indemnify in case of loss arising on account of it. *State, ex rel.*, v. *Kennett*, 114 Ind. 160.

A judgment against one of them is no lien upon it. *Barren Creek Ditching Co.* v. *Beck*, 99 Ind. 247; *McConnell* v. *Martin*, 52 Ind. 434; *Othwein* v. *Thomas*, 13 N. E. Rep. 564.

Upon the death of one, the survivor takes the whole in fee. *Arnold* v. *Arnold, supra.*

The deceased leaves no estate to pay debts. *Simpson* v. *Pearson, Admr.,* 31 Ind. 1.

And, during their joint lives, there can be no sale of any part on execution against either. *Carver* v. *Smith, supra; Dodge* v. *Kinzy, supra; Hulett* v. *Inlow, supra; Chandler* v. *Cheney, supra; Davis* v. *Clark, supra; McConnell* v. *Martin, supra; Cox's Admr.* v. *Wood,* 20 Ind. 54.

The statutes extending the rights of married women have no effect whatever upon estates by entirety. *Carver* v. *Smith, supra.*

Such estate is, in no sense, either the husband's or the wife's separate property. The husband may make a valid conveyance of his interest to his wife, because it is with her consent. *Enyeart* v. *Kepler,* 118 Ind. 34.

The rule that husband and wife take by entireties was enacted in this territory in 1807, nine years before Indiana was vested with statehood, and has been repeated in each succeeding revision of our statutes. It has thus been the law of real property, with us, for eighty-six years.

Section 2922, R. S. 1881, provides that "All conveyances and devises of lands, or of any interest therein, made to two or more persons, except as provided in the next following section, shall be construed to create estates in common, and not in joint tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy."

Section 2923 provides that the preceding section shall not apply to conveyances made to husband and wife.

Under a statute of the State of Michigan, similar in all its essential qualities to our own, the court held that "Where lands are conveyed, in fee, to husband and wife, they do not take as tenants in common." *Fisher* v. *Provin*, 25 Mich. 347.

They take by entireties; whatever would defeat the title of one, would defeat the title of the other. *Manwaring* v. *Powell*, 40 Mich. 371.

They hold neither as tenants in common nor as ordinary joint tenants. The survivor takes the whole. During the lives of both, neither has an absolute inheritable interest, neither can be said to own an undivided half. *Ætna Ins. Co.* v. *Resh*, 40 Mich. 241; *Allen* v. *Allen*, 47 Mich. 74.

While the rule of entireties was predicated upon a fiction, the legislative intent, in this State, has always been to preserve this estate, and has continued the peculiar statute for this purpose. Estates by entireties have been preserved as between husband and wife, although joint tenancies between unmarried persons have been abolished, so as to provide a mode by which a safe and suitable provision could be made for married women. *Carver* v. *Smith, supra.*

"Where a rule of property has existed for seventy years and is sustained by a strong and uniform line of judicial decisions, there is but little room for the court to exercise its judgment on the reasons on which the rule was founded. Such a rule of property will be overruled only for the most cogent reasons and upon the strongest convictions of its incorrectness. It is evident that the Legislature of 1881 did not intend to repeal the statutes establishing tenancies by entireties. They simply intended to enlarge, in some particulars, the separate power of the wife, which existed already under the acts of 1852 and the year following.     *     *     'It did not

abolish .estates by entireties as between husband and wife, but provided that when a joint deed was made to husband and wife, they should hold by entireties, and not as joint tenants or tenants in common.'" *Carver* v. *Smith, supra.*

In *Chandler* v. *Cheney, supra,* the court says: "It was a well settled rule at common law, that the same form of words, which, if the grantees were unmarried, would have constituted them joint tenants, will, they being husband and wife, make them tenants by entirety. The rule has been changed by our statute above quoted."

The whole trend of authorities, however, is in the direction of preserving such tenancies, where the grantees. sustain the relation of husband and wife, unless from the language employed in the deed it is manifest that a different purpose was intended.

Where a contrary intention is clearly expressed in the deed, a different rule obtains.

"A husband and wife may take real estate as joint tenants or tenants in common, if the instrument creating the title use apt words for the purpose." 1 Preston on Estates, 132; 2 Blackstone's Com., Sharswood's note; 4 Kent's Com., side page 363; 1 Bishop on Married Women; Freeman on Co-Tenancy, section 72; *Fladung* v. *Rose,* 58 Md. 13 (24).

"And in case of devise and conveyances to husband and wife together, though it has been said that they can take only as tenants by entireties, the prevailing rule is that, if the instrument expressly so provides, they may take as joint tenants or tenants in common." Stewart on Husband and Wife, sections 307–310; Tiedeman on Real Property, section 244.

"And as by common law it was competent to make husband and wife tenants in common by proper words

in the deed or devise," etc. *Hoffman* v. *Stigers,* 28 Ia. 310; *Brown* v. *Brown,* 32 N. E. Rep. 1128.

So it seems that husband and wife may, by express words, be made tenants in common by gift to them during coverture." *McDermott* v. *French,* 15 N. J. Eq. 80.

In *Hadlock* v. *Gray,* 104 Ind. 596 (599), a conveyance had been made to Isaac Cannon and Mary Cannon, who were husband and wife, during their natural lives, and the court says: "The language employed in the deed under examination plainly declares that Isaac and Mary Cannon are not to take as tenants by entirety. This result would follow from the provision destroying the survivorship, for this is the grand and essential characteristic of such a tenancy. * * * The whole force of the language employed is opposed to the theory that the deed creates an estate in fee in the husband and wife."

The court further says: "It is true that where real property is conveyed to husband and wife jointly and there are no limiting words in the deed, they will take the estate as tenants in entirety. * * * But while the general rule is as we have stated it, there may be conditions, limitations, and stipulations in the deed conveying the property, which will defeat the operation of the rule. The denial of this proposition involves the affirmation of the proposition that a grantor is powerless to limit or define the estate which he grants, and this would conflict with the fundamental principle that a grantor may for himself, determine what estate he will grant. To deny this right would be to deny to parties the right to make their own contracts. It seems quite clear, upon principle, that a grantor and his grantees may limit and define the estate granted by the one and accepted by the other, although the grantees be husband and wife."

The court then adopts the language of Washburn, *supra*, and Tiedeman, *supra*.

In *Edwards* v. *Beall, supra*, the court hold that when lands are granted husband and wife, as tenants in common, they will hold by moieties, as other distinct and individual persons would do.

If, as contended by appellees, the rule prevail that the same words which, if the grantees were unmarried, would have constituted them joint tenants, will, they being husband and wife, make them tenants by entireties, then it would result as a logical conclusion that husband and wife can not be joint tenants. Because, by this rule, words, however apt or appropriate to create a joint tenancy, would, in a conveyance to husband and wife, result in an estate by entireties—joint tenancy would be superseded or put in abeyance by the estate created by law-tenancy by entirety.

The result of such reasoning would be to destroy the contractual power of the parties where this relationship between the grantees is shown to exist. Any other process of reasoning would carry the rule too far, and we must hold it modified to the extent here indicated. Husband and wife, notwithstanding tenancies by entirety exist as they did under the common law, may take and hold lands for life, in joint tenancy, or in common, if appropriate language be expressed in the deed or will creating it, and we know of no more apt terms to create a joint tenancy in the grantees in this estate than the expression "convey and warrant to Daniel S. Wiggins and Laura Belle Wiggins in joint tenancy."

These words appear in the granting clause of the deed conveying the land in question, and the estate accepted and held by the grantees is thereby limited, and they hold not by entireties but in joint tenancy. A joint

tenant's interest in property is subject to execution. Freeman on Ex., 125.

Judgment reversed, with instructions to the circuit court to sustain the demurrer to each paragraph of the complaint.

Filed Oct. 19, 1893.