# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1895, IN THE EIGHTIETH YEAR OF THE STATE.

No. 16,996.

## WILKINS ET AL. *v.* YOUNG ET AL.

144   1
d154  87
144   1
166  358

DEED.— *Construction.— Joint Tenancy. — Tenancy by Entirety.* — Where a deed conveying land to a husband and wife contains the stipulation, "To have and hold the same to the said Samuel Gordon and Phoebe Gordon, his wife, *in joint tenancy*, their heirs and assigns forever," the conveyance vests an estate in joint tenancy in the husband and wife, and they do not hold as tenants by entirety; the latter part of the phrase. "their heirs and assigns forever," being superfluous and in no way affecting the meaning or intent of the grantor.

SAME.—*Construction.—No Ambiguity.—Understanding of Parties.*— What the grantor or grantees of a deed understood by the terms of a deed, or in what manner they subsequently treated it, has no bearing on its construction, where there is no ambiguity in the deed.

WILL.—*Interest of Joint Tenant not Descendible.*—The interest of a

joint tenant not being descendible, such tenant has no right or power, under section 2726, R. S. 1894 (section 2556, R. S. 1881), to devise the same by will.

MORTGAGE.—*Joint Tenancy.*—The joint tenant may mortgage his interest in the joint estate in like manner as though he were a tenant in common, and to the extent of the mortgage lien the right of the survivor will be destroyed, and the equity of redemption at the death of the tenant will be all that will fall to the surviving companions.

HARMLESS ERROR.—*Ultimate Judgment Right.*—Intervening errors will be deemed harmless, where the ultimate judgment is right.

From the Allen Circuit Court.

*W. G. Colerick* and *M. V. B. Spencer*, for appellees.

*S. M. Hench* and *H. C. Hartman*, for appellants.

JORDAN, J.—Action by appellees in the lower court, wherein they sought to recover the possession of certain described real estate from the appellant, John H. Wilkins, and to quiet their title thereto against both of the appellants. A trial resulted in a judgment in favor of appellees, from which appellants prosecute this appeal, and assign numerous errors, whereby they assail certain rulings and decisions of the trial court, and the final judgment and decree thereof.

At the request of the parties the court found the facts specially and stated its conclusion of law thereon. As this finding is supported in its material points by the evidence and as the principal questions involved in this appeal are fully presented by said finding and conclusions of law thereon, we deem it only necessary to consider the alleged errors arising out of these conclusions.

The following are the material facts as found by the court:

"In 1870 one Samuel Gordon married Phoebe Ginther who had been, prior to that time, divorced from a former husband, one Peter Ginther; that appellees are the only children and heirs of said Phoebe, being the fruits of her former marriage to said Peter;

that no children were born unto her by virtue of her marriage to Samuel Gordon; that said Samuel Gordon and said Phoebe lived together as husband and wife from the year 1870 until the death of said Samuel, which occurred at Ft. Wayne, Indiana, on the 14th day of April, 1886; that his said wife Phoebe survived him until June the 22d, 1890, at which date she died intestate, leaving surviving her appellees as her children and only heirs; that on November 23, 1878, one James B. White, who was then the owner, in fee simple, of the real estate in controversy, situated in Allen County, Indiana, for and in consideration of the sum of four hundred and fifteen dollars, together with his wife, executed a warranty deed, whereby they conveyed to said Samuel Gordon and Phoebe, his wife, said real estate; that in said deed, immediately after the description of the premises, are the following words: "To have and to hold the same to the said Samuel Gordon and Phoebe Gordon, his wife, in joint tenancy, their heirs and assigns forever." This deed was acknowledged and recorded in the recorder's office of said county. On the 15th day of October, 1885, Samuel Gordon, the husband, executed to the appellant, Herman Wilkins, a mortgage upon the said lands, to secure the payment of two hundred dollars, as evidenced by a promissory note; that his wife (Phoebe) did not join with him in the execution of said mortgage.

"On the 17th day of October, 1895, said Samuel Gordon executed a will, wherein he willed that at his death the said real estate should go to the appellant, John H. Wilkins. After the death of Samuel Gordon said will was duly probated in the circuit court of Allen County, Indiana, at which county said testator died. After the death of Samuel Gordon said John H. Wilkins took possession of said real

estate, and that the rental value thereof is $60 per annum. The only right or title of the appellant, John H. Wilkins, is under the devise to him in said will. The only right, title and interest that appellant, Herman Wilkins, claims in and to said real estate, is under the mortgage executed to him by said Samuel Gordon, and for taxes assessed against the said land and paid by him for the purpose of protecting his said mortgage lien. The only right or title in said real estate claimed by appellees is by inheritance thereof, as the children and heirs of their deceased mother, Phoebe Gordon." Upon this finding the court stated its conclusions of law substantially as follows:

"First, that under the said deed said Samuel Gordon and Phoebe, his wife, held the said real estate as tenants by entirety, and that at the death of her husband, Samuel, she became the sole owner thereof, and upon her death the same descended to appellees as her heirs.

"Second, that the mortgage executed by Samuel Gordon to Herman Wilkins is void, because the said Phoebe, his wife, did not join in the execution thereof.

"Third, that the defendant, John H. Wilkins, did not acquire or take any title to said real estate under the will of Samuel Gordon, for the reason that he (Gordon) had no interest in said real estate, subject to be devised by will.

"Fourth, that said defendant John H. Wilkins unlawfully holds possession of said real estate to plaintiffs' damage in the sum of $240."

To each of these conclusions of law appellants each separately excepted. Over their exceptions and objections the court, upon this finding, rendered judgment in ejectment against John H. Wilkins and

quieted appellees' title against both of the appellants, and decreed that the mortgage of Herman Wilkins was null and void, and that the devise of said real estate by Gordon to John H. Wilkins was of no effect.

In this State a joint tenancy can only be created as provided by section 3341, R. S. 1894, section 2922, R. S. 1881. Where lands are conveyed to husband and wife, and there are no words of limitation in the deed, or where it does not manifestly appear from the tenor thereof, that it was intended to create an estate in joint tenancy, they will take as tenants by entirety. *Hadlock* v. *Gray*, 104 Ind. 596, and authorities there cited. It is equally well settled by the general rule controlling in a conveyance of real estate that the husband and wife may be defeated by conditions, limitations or stipulations in the instrument of conveyance, when they clearly indicate an intention of the grantor to create in the grantees a different estate. A joint tenancy may be created to exist between husband and wife by the express terms or tenor of the deed of conveyance. *Thornburg* v. *Wiggins*, 135 Ind. 178, and authorities there cited. This question being settled, we are next to determine what was the character of the tenancy created by the conveyance of White to Gordon and wife. It is obvious and clear, we think, that the following expression or stipulation in said deed, namely: "To have and hold the same to the said Samuel Gordon and Phoebe Gordon, his wife, *in joint tenancy*, their heirs and assigns forever," brings the conveyance, in question, clearly within the provisions of section 3341, *supra*, and we are, therefore, constrained to hold that by these express terms in the instrument, a joint tenancy was vested in Gordon and wife, and that they did not take and hold the realty

so conveyed to them as tenants by entirety. *Thornburg* v. *Wiggins, supra; Barden* v. *Overmeyer*, 134 Ind. 660; *case* v. *Owen*, 139 Ind. 22. We may here add that the latter words "their heirs and assigns forever" are superfluous, and in no way affect the meaning or intent of the grantor. And we may further say, that, there being no ambiguity in this deed, it follows that what the grantor, or grantees understood by its terms, or in what manner they subsequently treated it, has no bearing upon the construction thereof.

The next points arising out of the special finding and conclusions of law relative thereto, and which are presented for our consideration, are as to the power of Samuel Gordon to mortgage and devise his moiety in the lands involved in this action. This will necessitate an examination, at least, of some of the features impressed by law upon these particular estates of joint tenancy, when they are once created. Tenants of this kind are said to hold individually and jointly, having one and the same interest, accruing through one and the same conveyance, commencing at the same time and held by one and the same possession. Upon the death of one joint tenant, there being no severance in the estate, his entire interest is cast upon the survivor or survivors to the exclusion of the inheritance of the same by his heirs. The interest of the survivor in the realty is consequently increased by the extinguishment of the interest of the tenant deceased. It is settled in law that a joint tenant may alienate or convey to a stranger his part or interest in the realty, and thereby defeat the right of the survivor. Tiedeman Real Property, section 238; Washburn Real Property, Vol. 1, 682, clause 22; 4 Kent Com., 460; Preston Estates, Vol. 1, star page 136; *Bevins* v. *Cline's Admr.*, 21 Ind. 40; Am. and

Eng. Ency. of Law, 892; 11 Ib. 1092; *Duncan* v. *Forrer,* 6 Binn. (Pa.) 193.

In the ancient language of the law, joint tenants were said to hold *per my et per tout,* or in plain words, "by the moiety or half and by all." The true interpretation of this phase being that these tenants were seized of the entire realty for the purpose of tenure and survivorship, while for the purpose of immediate alienation, each had only a particular part or interest. *Preston* v. *Estates, supra;* 4 Kent, *supra.* Partition at common law could not be enforced by joint tenants, but under our statute partition of these estates may be enforced. Section 1186, R. S. 1881. The interest of each tenant is subject to sale upon execution. *Thornburg* v. *Wiggins, supra;* Freeman Executions, section 125. Having these rights and powers, at least, over his interest in the land so held, there can be no sufficient reason urged why the power of the joint tenant to mortgage the same should be denied. Any interest in real estate which a person may sell and convey, he may also mortgage. Jones Mortgages, section 136. We are, therefore, of the opinion that a joint tenant may mortgage his interest in the joint estate in like manner as though he were a tenant in common, and to the extent of the mortgage lien the right of the survivor will be destroyed or suspended, and the equity of redemption, at the death of the tenant, will be all that will fall to the surviving companion. This right of the tenant to mortgage is supported by the following authorities: *York* v. *Stone,* 1 Salk. 158; *Lessee of Simpson* v. *Ammons,* 1 Binn. (Pa.) 175 (2 Am. Dec. 425.)

It is settled by numerous authorities, that the devise under the will of Samuel Gordon, of his interest in the lands in question, to appellant John H. Wilkins, was inoperative and void, and the latter acquired no title

thereby. The reason for this rule is apparent. Unless there is a severance during the life time of the devising tenant, at his death the right of the survivorship immediately accrues, and as the devise cannot take effect until after the death of the testator, the tenant is thereby disqualified for devising his moiety in lands so held; or in other words, as this paramount right of the survivor, or survivors, instantly prevails upon the death of the testator, there remains no estate of inheritance upon which the will can operate. *Swift* v. *Roberts,* 2 Burr. (K. B.) 1488; *Duncan* v. *Forrer, supra;* 4 Kent Com. 460, *supra.* A joint tenant, being disqualified to exercise this power at common law, is also disqualified by our statute of Wills, section 2726, R. S. 1894, section 2556, R. S. 1881, provides that persons may devise any interest descendible to their heirs which they may have in any lands, tenements, etc. As we have seen that the interest of a joint tenant does not descend, it follows, therefore, that under this statute he has no right or power to devise the same by will. From the conclusions which we have reached herein, it is apparent that the court erred in holding in its first conclusion that the deed created a tenancy by entirety in Gordon and wife. That it also erred in holding in its second conclusion that the mortgage executed to appellant Herman Wilkins, by Samuel Gordon, is void. The court did not err in stating its third and fourth conclusions of law. As under the special finding of facts the ultimate judgment against John H. Wilkins is right; therefore, the intervening errors complained of by him must be deemed and held to be harmless. The judgment as against Herman Wilkins is reversed and the cause remanded, with instructions to the lower court to grant him a new trial and

leave to reform the issues if requested. The judgment as to John H. Wilkins is affirmed.

All concur.

Filed June 11, 1895.

*Per Curiam.* It being shown to the court that Herman Wilkins, co-appellant herein, paid the cost of the transcript in the appeal of said cause to this court, and he having secured a reversal of the judgment, so far as the same affected his interest to the real estate involved, and it further appearing that in order for said appellant to obtain the relief sought in this appeal, it was necessary for him to have certified to this court the transcript of all the proceedings of the lower court, it is therefore ordered that appellees' motion to modify the judgment and retax the cost herein be, and the same is hereby overruled, at their cost.

Filed October 16, 1895.