## KILGORE ET AL. *v.* TEMPLER ET AL.

[No. 23,541.    Filed December 18, 1919.]

1.  HUSBAND AND WIFE.—*Insanity.—Effect on Lands Held as Tenants by Entireties.*—Section 4005 Burns 1914, Acts 1899 p. 109, providing that, where a husband and wife own land as tenants by the entireties or as joint tenants, and one of them is adjudged insane, they become tenants in common, does not *ipso facto* create a tenancy in common on such adjudication of insanity, since such section, when construed with §4005, contemplates that after the adjudication of insanity an action shall be brought by one of the parties authorized by the statute, in which there shall be pleaded and proved the names of the tenants, the nature of the tenancy, the description of the realty affected, that one of such tenants has been adjudged insane by a court of competent jurisdiction and that the insanity is probably permanent, after which it is the duty of the court to enter a decree changing the tenancy to a tenancy in common.  p. 679.

2.  INSANE PERSONS.—*Scope of Proceedings.—Statute.*—A proceeding under §3101 *et seq.* Burns 1914, Acts 1895 p. 205, is limited to the investigation of the mental status of the person alleged to be of unsound mind and to the making of such orders as are authorized in such statute; hence, where a person adjudged to be insane is married and the owner of land under a joint tenancy or a tenancy by the entireties, the judgment rendered could not have the effect of changing the tenancy to a tenancy in common by virtue of §§4004, 4005 Burns 1914, Acts 1899 p. 109, even though the findings show that the insanity is probably permanent; and this would be true regardless of the party instituting the insanity proceeding.  p. 680.

3.  HUSBAND AND WIFE.—*Insanity.—Change of Tenancy.—Statute.*—The right of action, under §§4004, 4005 Burns 1914, Acts 1899 p. 109, to convert an estate by entireties held by a husband and wife into a tenancy in common when one of such tenants has been adjudged insane, does not survive the death of the insane tenant, since the entire estate on the latter's death vests immediately in the survivor.  p. 681.

4.  COURTS.—*Jurisdiction.—Constitutional Questions.*—The Supreme Court has jurisdiction of an appeal challenging the validity of a statute as being in conflict with the federal and state Constitutions.  p. 682.

From Delaware Circuit Court; *Theodore Shockney,* Special Judge.

Action by Edward R. Templer and others against Charles W. Kilgore and others. From a judgment for the plaintiffs, the defendants appeal. *Reversed.*

*Silverburg, Bracken & Gray,* for appellants.

*George H. Koons, Sr., George H. Koons, Jr.,* and *Edward R. Templer,* for appellees.

LAIRY, J.—Appellees brought a suit against appellants in the trial court to obtain partition of certain real estate described in the complaint and to have it declared indivisible and sold, and to have the proceeds distributed in accordance with the interests of the several tenants in common. The real estate described consisted of a residence of considerable value located in the city of Muncie, Indiana, the title to which was acquired in the year 1888 by James N. Templer and Susan Templer, his wife, as tenants by the entireties. The record shows that James N. Templer and Susan, his wife, continued to live together as husband and wife until the death of James N. Templer, which occurred on February 3, 1909, and that thereafter Susan Templer, his widow, continued to occupy said premises until her death, which occurred on November 5, 1917. James N. Templer and his wife, Susan, had no children born to them as the fruits of their marriage, but they each had children as the fruits of former marriages.

The plaintiffs in the trial court were the heirs of James N. Templer, and the defendants, who are appellants in this court, claim as the heirs and devisees of Susan Templer. The record further shows that on December 19, 1908, James N. Templer was adjudged by the Delaware Circuit Court to be a person of unsound mind and incapable of managing his own estate, and that such condition of mind was probably permanent. This adjudication was made on a petition filed by John P. Shoemaker, a brother of Susan Templer, which al-

leged that James N. Templer was a person of unsound mind and incapable of managing his estate, and that said condition of mind was probably permanent. The court also found that a guardian should be appointed and, by its order, appointed the People's Trust Company of Muncie as such guardian. Appellants claim title to the whole of the real estate described to the exclusion of appellees on the ground that Susan Templer on the death of her husband became the sole tenant of the estate previously held by her and her husband as tenants by entireties.

The case was tried by the court on a complaint consisting of four paragraphs. The first two paragraphs of the complaint proceed on the theory that the tenancy by entireties existing in James N. Templer and Susan, his wife, was during the lifetime of both of such tenants converted into a tenancy in common, under and pursuant to §§4004, 4005 Burns 1914, Acts 1899 p. 109, and that James N. Templer at the time of his death was the owner as a tenant in common with his wife, Susan, of one-half the real estate described, and that the one-half of which he was so seized descended to plaintiffs as his heirs. The other two paragraphs of the complaint proceed on the theory that §4004, *supra,* creates a cause of action which, under the provisions of §4005, *supra,* enables the sane tenant of an estate by entireties, or the guardian of the insane tenant of such an estate, to maintain an action against the cotenant, and, on proof of the essential facts as stated in the act, to obtain an order of court changing and converting the tenancy by the entireties into a tenancy in common, and that on the death of either of the tenants by entireties the right of action created by the statute survives in the heirs of such deceased tenant, and can be maintained by them against the surviving tenant, or against the heirs of such tenant to whom the real estate has descended.

The court made a special finding of facts and pronounced conclusions of law thereon in favor of appellees on both of the theories hereinbefore stated and entered judgment in their favor in conformity to the findings and conclusions of law. Many alleged errors are assigned as cause for reversal, but the court will discuss only those based on the error of the court in stating its conclusions of law.

By its second conclusion of law, the trial court in effect held that the proceeding of the Delaware Circuit Court on the petition of John P. Shoemaker against James N. Templer and the judgment based thereon, by which it was adjudicated that James N. Templer was a person of unsound mind and incapable of managing his estate and that his insanity was probably permanent, had the force and effect of terminating the estate by entireties which had previously existed between James N. Templer and his wife, Susan, in the real estate in controversy as of the date of the entry of such judgment, and that the nature of their tenancy in said real estate was then and thereby changed and converted into a tenancy in common by force of §§4004, 4005 Burns 1914, supra.

Section 4004, supra, provides: "That whenever a husband and wife shall own and hold any real estate as joint tenants or tenants by entireties, and one of them shall have been adjudged a person of unsound mind by a court of competent jurisdiction, and when said insanity is probably permanent, they shall cease to hold and own said real estate as joint tenants or tenants by entireties, as the case may be, but the title to said real estate shall be owned and held by them as tenants in common."

Section 4005, supra, provides that: "Said joint tenancy or tenancy by entireties shall not be converted into

an estate in common, except by a finding and judgment of the circuit or superior court that one of said parties has been adjudged a person of unsound mind and that said insanity is probably permanent, when said court shall enter a decree that said estate shall be and become an estate in common, which said action may be prosecuted by the guardian of said person of unsound mind or by the husband or wife, as the case may be, who is of sound mind."

If the first section of the act stood alone, there might be some doubt as to its force and effect, but when it is read in connection with §4005, *supra,* it becomes

1. clear that the legislature did not contemplate that an adjudication that one of the tenants was a person of unsound mind should operate *ipso facto* to convert the tenancy previously existing into a tenancy in common. In fact, the latter section clearly negatives such an intention. That section contemplates that after one of the tenants has been adjudicated to be a person of unsound mind an action shall be brought in the circuit or superior court by one of the parties upon whom the statute confers the right to bring such action. The petition or complaint should show the description of the real estate, the title to which is to be affected, the nature of the tenancy by which it is held, and the names of the tenants, that one of the tenants has been adjudged a person of unsound mind by a court of competent jurisdiction, and that such insanity is probably permanent. On proof of such facts the statute provides that the court shall enter a decree that said estate shall be and become an estate in common. Section 4004, *supra,* creates a cause of action and specifies the facts essential to constitute the cause of action so created. Section 4005, *supra,* specifies who may maintain the action and the court in which it shall be brought, and provides

what facts shall be proved in order to justify the court in entering its decree. It will be noted that the facts, of which proof is required under this section, are identical with those prescribed by the preceding section as being essential to the cause of action which it creates. On proof of such facts in the proceeding thus authorized, the statute provides that the court shall enter a decree that the estate by entireties shall be and become an estate in common. By the terms of the statute the estate by entireties terminates and the estate in common begins at the time of the making of such decree and by virtue of its force and effect. As opposed to this construction appellees rely on the latter part of §4004, *supra*. The language so relied on, when considered in connection with the provisions of the following section, must be construed to mean that the husband and wife shall cease to own and hold said real estate as tenants by entireties, but said real estate shall be owned and held by them as tenants in common from and after the entry of a decree to that effect in an action brought under the provisions of §4005, *supra*.

Appellants seem to attach some importance to the fact that the petition to have James N. Templer declared a person of unsound mind was filed by the brother of Susan Templer, the cotenant of James N. Templer, at her instance and request, and that such petition alleged, and the court found and adjudicated, that the insanity of James N. Templer was probably permanent. In view of the construction placed on the statute, it is a necessary prerequisite to the right to maintain the proceeding provided for therein that one of the tenants of the estate to be affected by the proceeding had been adjudicated by a court of competent jurisdiction to be a person of unsound mind. This adjudication is authorized by a statute which provides a special form of procedure to be followed in such cases.

§3101 *et seq.* Burns 1914, Acts 1895 p. 205.   The only matter to be investigated in such a proceeding is the mental status of the person who is alleged in the affidavit to be a person of unsound mind.   If the court finds such person to be unsound of mind and incapable of managing his own estate, it may so find and enter its judgment accordingly; and in that event it may also make an order appointing a guardian for such person and fixing the bond to be given by such guardian.   In a proceeding under this statute, the court is confined to the determination of such issues and to the making of such orders as are authorized by the statute.   That being true, it could make no difference, so far as concerns the subsequent proceedings authorized by the statute cited, who might institute the proceedings under which the adjudication of unsoundness of mind was made.   In the proceeding to have James N. Templer adjudged a person of unsound mind the finding and judgment of the court that his insanity was probably permanent was unnecessary and wholly immaterial, and therefore such finding and judgment could not and did not in any way affect the nature of the estate in the lands held by him and his wife as tenants by entireties.   This would be true even though his wife, Susan, had filed the affidavit on which such proceedings were based, thus making herself a party to that proceeding, and *a fortiori* the effect of such a finding and judgment in a proceeding of this kind which she directed and controlled could not affect the nature of an estate in lands held by her and her husband as tenants by entireties.

It remains to be decided whether the right of action created by §§4004, 4005, *supra,* in favor of the sane tenant or the guardian of the tenant who is insane

3.   does or does not survive to the heirs of one of the tenants by entireties who dies during the exist-

ence of such tenancy. In view of the nature and incidents of the estate by entireties, the mere statement of the proposition practically amounts to an answer to the question involved. On the vesting of an estate by entireties each of the tenants becomes seized of the entire estate, but neither is seized of any divisible part thereof; and therefore, when one of the tenants dies, the survivor, being already seized of the whole, can acquire no new or additional interest by virtue of his survivorship. He holds the entire estate, not by virtue of any right which he acquires as survivor, but by virtue of the original grant. Sharpe v. Baker (1911), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44.

Under the law the death of one of the tenants by entireties terminates the estate. When that event occurs the survivor holds the entire estate by virtue of the original grant. The title then held is the same in all respects as though he had been the sole tenant from the time of the grant. It thus appears that the right of action created by the sections of statute cited cannot survive to the heirs of one of the deceased tenants, for the reason that in every instance the tenancy by entireties would cease to exist at the very instant that the right of action would be acquired by the heirs of the deceased tenant. From that time on the surviving tenant would hold the entire estate, and no estate by entireties would be in existence upon which the decree of a court could operate.

This court has jurisdiction of the appeal in this case because the validity of the sections of statute quoted is challenged as being in violation of certain provisions of the federal Constitution and the Constitution of this state. In view of the construction placed by this court on the sections of statute cited, it is not required to decide the constitutional question presented.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in conformity with this opinion.

NOTE.—Reported in 125 N. E. 457.