ATTORNEY FOR APPELLANT
Arend J. Abel
Cohen & Malad, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
THOMAS BUNGER, IN HIS CAPACITY AS THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
KENNETH K. KINNEY
Scott D. Pankow
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court



FILED
Mar 06 2017, 12:42 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 53S01-1703-MI-126

CHERYL L. UNDERWOOD,

*Appellant (Plaintiff),*

v.

THOMAS BUNGER, IN HIS CAPACITY AS THE
PERSONAL REPRESENTATIVE OF THE ESTATE
OF KENNETH K. KINNEY; JUDITH M. FULFORD;
AND SHEREE DEMMING,

*Appellees (Defendants).*

Appeal from the Monroe Circuit Court, No. 53C01-1504-MI-657
The Honorable E. Michael Hoff, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 53A01-1509-MI-1305

**March 6, 2017**

**Slaughter, Justice.**

Indiana has a longstanding legal presumption, recognized by statute and at common law, that spouses owning real property hold their interests as tenants by the entirety. This presumption, which is rebuttable upon a showing the parties intended another form of ownership, applies even if the couple owns the property with one or more additional parties. We hold this presumption is rebutted on the record before us. The deed conveying the property specifies that the three grantees, two of whom are married, shall take the property "*all* as Tenants-in-Common". We reverse and remand with instructions.

## Factual and Procedural Background

On July 25, 2002, the owner of real property located near the Indiana University campus in Bloomington (Property) executed a warranty deed (Deed) to three grantees: Cheryl Underwood, Kenneth Kinney, and Judith Fulford. Kinney (Husband), now deceased, and Fulford (Wife) were married when the Property was conveyed and remained married at Husband's death. The Deed's granting clause provides as follows:

> MERRILL DAVIS KISSICK, of legal age ("Grantor"), of MONROE County, Indiana, CONVEYS AND WARRANTS to CHERYL L. UNDERWOOD, of legal age, and KENNETH KINNEY AND JUDITH M. FULFORD, husband and wife, all as Tenants-in-Common ("Grantee"), of MONROE County, Indiana, for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, the receipt of which is acknowledged, the following described real estate in MONROE County, Indiana: [Legal Description Omitted]

A dozen years later, in a separate case in June 2014, the Monroe Circuit Court entered a six-figure damages judgment against Husband and Underwood, and in favor of Sheree Demming, Underwood's former employer. The judgment for Demming was affirmed on appeal, <u>Bunger v. Demming</u>, 40 N.E.3d 887 (Ind. Ct. App. 2015), <u>trans. denied</u>. The Demming Judgment became a lien on the Property. Husband subsequently died in November 2014; his estate is represented here by Thomas Bunger, the personal representative.

In April 2015, Underwood filed this action, asking the court to partition and sell the Property and distribute the proceeds. Underwood argues that she, Husband, and Wife all owned the Property as tenants in common and says she no longer wants to own the Property in common with Wife and Husband's Estate. Bunger, on behalf of the Estate, moved to dismiss Underwood's petition under Trial Rule 12(B)(6), arguing her claim fails because it presupposes the Estate has an interest in the Property. Demming moved for summary judgment, likewise arguing the Estate has no interest in the Property, and that she has a valid, enforceable lien against Underwood's interest.

The trial court agreed with the Estate and Demming and granted their respective motions. The court found the Deed to be "clear and unambiguous" in creating "an estate by the entireties as to the interest of" Husband and Wife. It also found the marital unit—and then Wife herself (after

2

Husband died)—was a tenant in common with Underwood. Based on these findings, the court held that the judgment lien created by the Demming Judgment did not attach to the share of the real estate now owned by Wife because the judgment was entered against only Husband. Thus, the court concluded that Demming's lien applied against Underwood's one-half interest in the Property but not Wife's interest. The court entered a partial final judgment under Trial Rule 54(B), from which Underwood appealed.

The Court of Appeals affirmed. Underwood v. Bunger, 52 N.E.3d 829 (Ind. Ct. App. 2016), reh'g denied. It, too, rejected Underwood's argument, concluding that "the deed's phrase 'all as Tenants-in-Common' must be balanced against the identification of Kinney and Fulford as husband and wife and does not clearly overcome the presumption in favor of tenancies by the entirety." Id. at 833 (citations omitted). Based on this determination, the Court held that Husband's interest in the Property passed directly to Wife upon his death and not to his Estate. Underwood sought transfer, which we now grant and reverse.

## Standard of Review

The interpretation of a written instrument, including a deed, is generally a question of law we review de novo. Corn v. Corn, 24 N.E.3d 987, 994 (Ind. Ct. App. 2015), trans. denied. See also Brown v. Penn Cent. Corp., 510 N.E.2d 641, 643 (Ind. 1987). In construing a deed, we read it *as a whole*, determining "the parties' intent by the unambiguous language they used, presuming they intended each part to have meaning." Girl Scouts of So. Ill. v. Vincennes Ind. Girls, Inc., 988 N.E.2d 250, 256 (Ind. 2013) (citation omitted).

## Discussion and Decision

We consider, first, whether the Deed is sufficiently clear to overcome the presumption that Husband and Wife held their interests in the Property by the entireties. We hold that it is. In addition, we address whether Underwood's petition in the trial court contains a fatal judicial admission that estops her from challenging the trial court's adverse judgment. We conclude it does not.

**I.**     **The Deed's unambiguous statement that the three grantees, including Husband and Wife, hold their interests in the Property "all as Tenants-in-Common" overcomes the legal presumption favoring a tenancy by the entirety.**

Under established Indiana law, a conveyance of real property to spouses presumptively creates an estate by the entireties. The presumption can be overcome if the instrument of conveyance reflects an intention to create some other form of concurrent ownership. Over the years, this common-law rule has been re-enacted by statute on several occasions, including most recently in 2002. This latest statute, which applies here, likewise presumes that spouses hold interests in realty as tenants by the entirety. The only noteworthy change to the current statute is that it relaxes the showing required to overcome the legal presumption of an entireties estate. We conclude the Deed's granting clause defeats the presumption by expressing an intention to create a tenancy in common among all three grantees—Underwood, Husband, and Wife.

**A.**     **At common law, a conveyance of real property to spouses created an estate by the entireties.**

Three forms of concurrent ownership of real property have survived from English common law to the present: tenancy in common, joint tenancy, and tenancy by the entirety. United States v. Craft, 535 U.S. 274, 279 (2002) (citing 1 G. Thompson, Real Property § 4.06(g) (D. Thomas ed. 1994)). See also Powell v. Estate of Powell, 14 N.E.3d 46, 48 (Ind. Ct. App. 2014). At common law, when real property was conveyed to a husband and wife, their interest in the property was as tenants by the entirety, Hadlock v. Gray, 104 Ind. 596, 598, 4 N.E. 167, 168 (1886), and not as joint tenants or tenants in common, Chandler v. Cheney, 37 Ind. 391, 410 (1871).

A tenancy by the entirety exists only between spouses and is premised on the legal fiction that husband and wife are a single entity. Indiana Dept. of State Revenue v. Union Bank & Trust Co., 380 N.E.2d 1279, 1280 (Ind. Ct. App. 1978). Once an entireties estate has vested, each spousal tenant "becomes seized of the entire estate, but neither is seized of any divisible part thereof". Kilgore v. Templer, 188 Ind. 675, 682, 125 N.E. 457, 459 (1919). Thus, an entireties estate cannot be severed by the unilateral action of one of the tenants. Neither spouse has a separable interest in property held by such a tenancy, so a conveyance by just one tenant is insufficient to pass legal title. Pension Fund of Disciples of Christ v. Gulley, 226 Ind. 415, 419, 81 N.E.2d 676, 678 (1948). An essential trait of this tenancy is that it "devolves upon the surviving spouse the ownership of the property in real estate, free and clear of the individual indebtedness of the other spouse."

4

Whitlock v. Public Service Co. of Ind., 159 N.E.2d 280, 284 (Ind. 1959). When one spouse dies, the survivor, "being already seized of the whole, can acquire no new or additional interest" due to the survivorship. Kilgore, 188 Ind. at 682, 125 N.E. at 459. Rather, the survivor "holds the entire estate, not by virtue of any right which he acquires as survivor, but by virtue of the original grant." Id. (citation omitted).

**B.    The legal presumption that spouses hold real property as tenants by the entirety can be overcome if the parties express or intend a different form of estate.**

The common-law presumption in favor of an entireties estate for spouses is the default rule. But the rule can be defeated by "conditions, limitations, and stipulations in the deed conveying the property" showing the grantor intended to convey a different form of ownership. Hadlock, 4 N.E. at 168. "Husband and wife, notwithstanding tenancies by entirety exist as they did under the common law, may take and hold lands for life, in joint tenancy or in common, if appropriate language be expressed in the deed or will creating it[.]" Thornburg v. Wiggins, 135 Ind. 178, 187, 34 N.E. 999, 1002 (1893). We have held the presumption defeated when the deed presented sufficient conditions or limitations, such as a conveyance of land "to Daniel S. Wiggins and Laura Belle Wiggins *in joint tenancy*". Id. (emphasis added). See also Wilken v. Young, 144 Ind. 1, 3, 41 N.E. 68, 69 (1895) (defeating presumption when deed granted land to "Samuel Gordon and Phoebe Gordon, his wife, *in joint tenancy*, their heirs and assigns, forever") (emphasis added); Hadlock, 4 N.E. at 168-69 (creating life estate where conveyance made clear that each spouse's share would be devised to his or her heirs upon death of last-surviving spouse).

**C.    By statute, Indiana adopted the common-law presumption favoring a tenancy by the entirety.**

The common law prevails in Indiana unless modified or abrogated by statute. New York Life Ins. Co. v. Finkelstein, 212 Ind. 155, 159, 8 N.E.2d 598, 599 (1937). Cf. McIntosh v. Melroe Co., 729 N.E.2d 972, 977 (Ind. 2000) ("This Court has long recognized the ability of the General Assembly to modify or abrogate the common law.") (citations omitted). Our legislature has never repealed the common-law rule governing conveyances of real property to married persons. In 1807—nine years before statehood—Indiana, while still a Territory, first codified the legal presumption that spouses take and hold real property as tenants by the entirety. Thornburg, 135 Ind. at 183, 34 N.E. at 1000. Since becoming a state, Indiana has reinforced this presumption in a

5

series of legislative enactments occurring over many years. See, e.g., 1852 Revised Statutes of Indiana 233, §§ 7, 8; 1894 Ind. Acts Ann. 163, §§ 3341, 3342; 1914 Ind. Acts Ann. 509-10, §§ 3953, 3954; 1943 Ind. Acts 667-68. The legal presumption thus remains intact because "[o]ur statute [did] not change[] the common law rule as to the estate created by grants of real estate to husband and wife, but, on the contrary … expressly recognized it." Davis v. Clark, 26 Ind. 424, 428 (1866). See also Arnold v. Arnold, 30 Ind. 305, 306 (1868).

During the 1850 constitutional convention, delegates considered the property rights of husband and wife but "wisely left the whole question to the legislature." Chandler, 37 Ind. at 409-10. The 1851-52 legislature did modify the common law in some respects. For example, it adopted the presumption that a joint deed to two or more (unmarried) persons would create a tenancy in common and not a joint tenancy, unless the intention to create a joint tenancy were either "expressly declared" in the instrument of conveyance or "manifestly" appeared from its tenor. Id. at 410. But the legislature did not abolish estates by the entireties between spouses.

> [W]hen the legislature provided that husband and wife should not be tenants in common, but by entireties, the intention was to guard and protect the rights of the wife by depriving the husband of the power to alien or encumber the same without her consent and concurrence, or to charge the same with his debts, or to exercise sole control, or to enjoy exclusive possession thereof.

Id. at 414.

### D. The 2002 statute relaxed the showing required to overcome the presumption.

In the modern era, our legislature in 1993 reaffirmed the common-law presumption but said the presumption would be defeated if the written instrument "expressed" a contrary intention or made its intention "manifestly" clear: the "contract shall not be construed as creating a tenancy in common *unless it shall be **expressed** therein or shall **manifestly** appear from the tenor of the instrument* that it was intended to create a tenancy in common." Ind. Code § 32-4-2-1 (1993) (emphasis added).

In 2002, the legislature again reaffirmed the common-law presumption but reduced the showing required to overcome it by removing the word "manifestly":

6

Sec. 1.

\* \* \*

(d) If:

> (1) a contract [to purchase or lease real estate] expressly creates a tenancy in common; or

> (2) it appears from the tenor of a contract [to purchase or lease real estate] that the contract was intended to create a tenancy in common;

the contract shall be construed to create a tenancy in common.

I.C. § 32-17-3-1(d) (Supp. 2002) (added by Pub. L. No. 2-2002, §2). The 2002 statute applies to written contracts where a husband and wife either buy real estate or lease real estate with an option to buy. I.C. § 32-17-3-1(a). The statute provides that a written instrument conveying real property to a married couple generally creates an estate by the entireties. Id. § 32-17-3-1(b). But the statute's general rule is subject to an exception. The instrument will be construed to create not an estate by the entireties but a tenancy in common if it does so "expressly" or if it "appears from the tenor" of the instrument that was the parties' intention. Id. § 32-17-3-1(d). The legislature's omission of the word "manifestly" from the statute indicates a weakening of the showing needed to defeat the presumption.

The 2002 version of the statute—the current version—had been in effect for 25 days when the Grantor in this case issued the Deed on July 25, 2002. Thus, we analyze the Deed under the current statute.

### E. The Deed's granting clause rebuts the presumption favoring a tenancy by the entirety between Husband and Wife.

In applying the current statute, we are mindful of the common-law principles it subsumes, including the significant case authority dating to the 19th century that interpret and apply these principles. But we also heed the statute's evolution and its noteworthy revision in 2002 to provide that the parties' intention to create a different form of tenancy no longer need "manifestly" appear in the instrument of conveyance. These considerations require that we continue to honor the age-old presumption favoring a tenancy by the entirety between spouses. But in giving a fair reading to the whole instrument, we will find the presumption is rebutted if its terms reasonably reflect the parties' intention to establish a different form of tenancy—a standard we find satisfied here.

Recall that the Deed's granting clause provides in pertinent part: "[Grantor] CONVEYS AND WARRANTS to CHERYL L. UNDERWOOD, of legal age, and KENNETH KINNEY AND JUDITH M. FULFORD, husband and wife, all as Tenants-in-Common[.]"

We consider two aspects of the granting clause that bear on the issue of what interests in the Property the Grantor conveyed to the three grantees: the phrase "husband and wife", on the one hand, and the phrase "all as Tenants-in-Common", on the other. We conclude that the phrase "all as Tenants-in-Common" establishes the parties' intention to create a tenancy in common among *all three grantees*, and that the phrase "husband and wife" does not compel a tenancy by the entirety.

The Grantor's inclusion of "all" in the phrase "all as Tenants-in-Common" shows that he did not view Husband and Wife as one entity whose unitary estate in the Property was by the entireties. Were that his intention, the Deed would have described *two* sets of grantees—Underwood and Husband/Wife—and said they were acquiring their interests "*both* as Tenants-in-Common". We hold that the phrase actually used—"*all* as Tenants-in-Common"— refers to more than two such tenants and denotes that "all" three grantees take and hold as tenants in common. This phrase creates at least the *appearance* that the parties intended a form of ownership other than a tenancy by the entirety between Husband and Wife under Section 32-17-3-1(d)(2). And, on this record, the phrase *expressly* creates a tenancy in common between them as contemplated by Section 1(d)(1). Either way, the Deed defeats the legal presumption.

Against this conclusion, the Estate argues that the phrase "KENNETH KINNEY AND JUDITH M. FULFORD, husband and wife" shows the Grantor's intention to create a tenancy by the entirety between Kinney and Fulford or, at a minimum, shows the Deed is insufficient to rebut the legal presumption favoring such a tenancy. But the phrase "husband and wife" does not necessarily reflect the Grantor's intention to create a tenancy by the entirety. Established case authority holds that a "husband and wife, though not thus described in a deed of conveyance of real estate executed to them, take under such deed as tenants by the entireties." Hulett v. Inlow, 57 Ind. 412, 414 (1877) (citing Chandler, 37 Ind. at 394). In other words, husbands and wives enjoy the legal presumption favoring tenancies by the entirety, regardless of whether the deed describes them as married. Under this view, the phrase is descriptive and provides little or no insight into

the Grantor's intent. Thus, we disagree that the phrase "husband and wife" prevents the deed from defeating the legal presumption.

We conclude the Deed rebuts the presumption favoring a tenancy by the entirety between spouses and reasonably reflects the parties' intention that all three grantees take and hold their interests in the Property as tenants in common—meaning that Husband's interest passed to his Estate upon his death.

## II.  Underwood did not make a fatal judicial admission in her trial-court petition.

We also consider whether Underwood's "Petition to Compel Partition of Real Estate" contains a judicial admission fatal to her case. The argument is that Paragraph 3 of her petition, quoted below, essentially concedes the spousal interests are held by the entireties, given her allegation that she had an "undivided one-half interest" in the Property, and that so, too, did Husband and Wife:

> Throughout the period of time from July 25, 2002, to the date of the filing of this Petition, it has been understood and reflected on tax returns that Cheryl L. Underwood took title to an undivided one-half interest in the subject real estate and that this was a business partnership wherein Kenneth Kinney [Husband] and Judith M. Fulford [Wife] owned the remaining undivided one-half interest in the real estate with the two one-half interests being owned by Tenants-in-Common.

Statements in a party's pleadings "may be taken as true as against the party without further controversy or proof." Lutz v. Erie Ins. Exchange, 848 N.E.2d 675, 678 (Ind. 2006) (internal citations omitted). "Unless a pleading is withdrawn or superseded, any admission contained in the pleading is conclusive as to that party." Id.

We hold that Underwood did not make a fatal pleading admission by characterizing the grantees' interests in the Property as "undivided one-half interest[s]". An undivided interest is merely "[a]n interest held under the same title by two or more persons, whether their rights are equal or unequal in value or quantity." Black's Law Dictionary 935 (10th ed. 2014). A property interest held with other parties as tenants in common is an undivided interest. "It is the general rule that the possession of one tenant in common is the possession of all, and for the common benefit of all[.]" King v. Carmichael, 136 Ind. 20, 24, 35 N.E. 509, 511 (1893). Underwood's pleading does not admit to any form of ownership, but merely specifies the proportions in which the three

grantees (before Husband's death) originally held their respective interests in the Property: Underwood, one half; Husband and Wife, together, one half. These ownership proportions are not inconsistent with the written conveyance providing that all three conveyed interests were held in common.

## Conclusion

The Deed overcomes the statutory and common-law presumption in favor of a tenancy by the entirety between spouses by specifying that the three grantees own the property "all as Tenants-in-Common". We reverse the trial court's contrary judgment and remand for further proceedings consistent with this opinion.

Rush, C.J., and Rucker, David, Massa, JJ., concur.