

**FILED**

Jun 14 2019, 9:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| Patrick C. Badell | Jack A. Tandy |
| Badell & Wilson, P.C. | Tandy Law, LLC |
| Rushville, Indiana | Shelbyville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Flatrock River Lodge, | June 14, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-CC-1919 |
| v. | Appeal from the Rush Circuit Court |
| Morris Stout and Tonia Sue Stout, | The Honorable David E. Northam, Judge |
| *Appellees-Defendants.* | Trial Court Cause No. 70C01-1609-CC-294 |

**Najam, Judge.**

## Statement of the Case

[1]     Flatrock River Lodge ("Flatrock") appeals the trial court's order denying Flatrock's motion to execute on its judgment lien upon Morris Stout's interest in real estate previously owned by Morris and Tonia Stout as joint tenants with right of survivorship.  Flatrock presents a single issue for our review, namely, whether Morris' interest in the real estate as a joint tenant was exempt from

execution on Flatrock's judgment lien during his lifetime. Tonia counters that Flatrock's appeal was moot upon Morris' death when she became the sole owner of the real estate. We hold that Flatrock's appeal is not moot and that the real estate is not exempt from execution on the judgment lien.

We reverse.

## Facts and Procedural History

In 1985, Maurice and Lucille Stout deeded forty-six acres of real estate in Rush County to their son Morris and their granddaughter Tonia as joint tenants with right of survivorship ("the real estate"). On September 2, 2016, Flatrock, a health care provider, filed a complaint on account against Morris seeking judgment for a balance Morris owed Flatrock in the amount of $39,238.28 plus attorney's fees. Flatrock also filed a notice of *lis pendens* with respect to the real estate in the Rush County Recorder's Office. On September 16, Tonia moved to intervene, and the trial court granted her motion. Thereafter, Flatrock and Morris entered into an agreed judgment, approved by the trial court on September 23, whereby judgment was entered against Morris and in favor of Flatrock in the amount of $40,144.28. The Rush County Clerk entered the judgment in the record of judgments and orders ("RJO") on September 27.

On January 18, 2018, Flatrock filed a Trial Rule 69 motion for execution and foreclosure on the judgment lien. In response, Tonia filed a memorandum stating that, because she and Morris had acquired title to the real estate as joint tenants with right of survivorship, their joint interest should be treated like a

tenancy by the entireties. Thus, Tonia asserted that Morris' interest in the real estate was exempt by statute from execution. Following a hearing on March 12, the court denied Flatrock's motion. Flatrock filed a motion to correct error, which the court also denied. On August 14, Flatrock filed a notice of appeal. And on October 14, Morris died.[1]

## Discussion and Decision

Flatrock contends that the trial court erred when it denied its motion to execute on the judgment lien. While the trial court did not state a reason for its denial, the parties agree that the trial court must have concluded that Morris' interest in the real estate was exempt by statute from execution. Where, as here, the relevant facts are not in dispute and the interpretation of a statute is at issue, such statutory interpretation presents a pure question of law, and our review is *de novo*. *Clem v. Watts*, 27 N.E.3d 789, 791 (Ind. Ct. App. 2015).

We first address Tonia's contention that, because Morris died in October 2018, this appeal is moot. Tonia maintains that because she was a joint tenant with right of survivorship in the real estate, Morris' interest in the real estate became hers at his death free and clear of any judgment lien. Tonia would disregard the fact, however, that Flatrock's money judgment against Morris became a lien on Morris' interest in the real estate when the Rush County Clerk entered the

---

[1] We note that no party has appeared in this appeal as a successor to Morris. Only Flatrock and Tonia have filed briefs in this matter.

agreed judgment in the RJO on September 27, 2016, two years before Morris' death. *See Arend v. Etsler*, 737 N.E.2d 1173, 1175 (Ind. Ct. App. 2000) (stating that a money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket in the county where the realty held by the debtor is located). Thus, Tonia takes Morris' interest in the real estate subject to Flatrock's judgment lien. *Jones v. Chandler*, 40 Ind. 588, 590 (1872). The lien was not extinguished at Morris' death, and this appeal is not moot.

[7] The dispositive issue presented on appeal is whether Indiana Code Section 34-55-10-2(c)(5) (2018), which provides that "[a]ny interest that the debtor has in real estate held as a tenant by the entireties" is exempt from execution of a judgment lien, also exempts from execution an interest in real estate held as a joint tenant with right of survivorship. Flatrock contends that the trial court erred when it denied its motion to execute its judgment lien on the real estate. In particular, Flatrock maintains that, contrary to Tonia's assertion to the trial court, subsection 2(c)(5) of the exemption statute does not apply to Morris' and Tonia's interests in the real estate, which they owned as joint tenants with right of survivorship. We must agree.

[8] In Indiana, and generally, there are three forms of concurrent ownership of real estate, including joint tenancy, tenancy in common, and tenancy by the entireties. *Powell v. Estate of Powell*, 14 N.E.3d 46, 48 (Ind. Ct. App. 2014). A joint tenancy is a single estate in property owned by two or more persons under one instrument or act. I.C. § 32-17-2-1; *Poulson v. Poulson*, 691 N.E.2d 504, 506 (Ind. Ct. App. 1998) (citing 17 I.L.E. Joint Tenancy § 1, p. 60 (1959)). Upon

the death of any one of the tenants, his share vests in the survivors. *Poulson*, 691 N.E.2d at 506. When a joint tenancy is created, each tenant acquires an equal right to share in the enjoyment of the land during their lives. *Grathwohl v. Garrity*, 871 N.E.2d 297, 301 (Ind. Ct. App. 2007) (citation omitted). "It is well settled that a conveyance of his interest by one joint tenant during his lifetime operates as a severance of the joint tenancy as to the interest so conveyed, and [it] destroys the right of survivorship in the other joint tenants as to the part so conveyed." *Morgan v. Catherwood*, 95 Ind. App. 266 167 N.E. 618, 622 (1929). Each joint tenant may sell or mortgage his or her interest in the property to a third party. *Grathwohl*, 871 N.E.2d at 301. And the interest of each joint tenant "is subject to execution." *Thornburg v. Wiggins*, 135 Ind. 178, 34 N.E. 999, 1002 (1893).

[9] On the other hand, a tenancy by the entireties exists only between spouses and is premised on the legal fiction that husband and wife are a single entity. *Underwood v. Bunger*, 70 N.E.3d 338, 342 (Ind. 2017).

> Once an entireties estate has vested, each spousal tenant "becomes seized of the entire estate, but neither is seized of any divisible part thereof." *Kilgore v. Templer*, 188 Ind. 675, 682, 125 N.E. 457, 459 (1919). Thus, an entireties estate cannot be severed by the unilateral action of one of the tenants. Neither spouse has a separable interest in property held by such a tenancy, so a conveyance by just one tenant is insufficient to pass legal title. *Pension Fund of Disciples of Christ v. Gulley*, 226 Ind. 415, 419, 81 N.E.2d 676, 678 (1948). An essential trait of this tenancy is that it "devolves upon the surviving spouse the ownership of the property in real estate, free and clear of the individual indebtedness of the other spouse." *Whitlock v. Public*

*Service Co. of Ind.*, 239 Ind. 680, 159 N.E.2d 280, 284 (1959). When one spouse dies, the survivor, "being already seized of the whole, can acquire no new or additional interest" due to the survivorship. *Kilgore*, 188 Ind. at 682, 125 N.E. at 459. Rather, the survivor "holds the entire estate, not by virtue of any right which he acquires as survivor, but by virtue of the original grant." *Id.* (citation omitted).

*Id.* at 342-43.

[10] As our Supreme Court explained in 1871,

[t]he same difference which existed at common law between joint tenants and tenants by entireties continues to exist under our statute. In both, the title and estate are joint, and each has the quality of survivorship, but the marked difference between the two consists in this: that in a joint tenancy, either tenant may convey his share to a co-tenant, or even to a stranger, who thereby becomes tenant in common with the other co-tenant; while neither tenant by the entirety can convey his or her interest so as to affect their joint use of the property during their joint lives, or to defeat the right of survivorship upon the death of either of the co-tenants; and there may be a partition between joint tenants, while there can be none between tenants by entireties. *See* sec. 1 of "an act concerning the partition of lands," 2 G. & H. 361.

*Chandler v. Cheney*, 37 Ind. 391, 396-97 (Ind. 1871).

[11] Tonia asserts broadly and without qualification that "the law is clear that jointly held property is exempt from execution." Appellant's App. Vol II at 19. Thus, she asks that we apply subsection 2(c)(5) of the exemption statute, which refers only to an interest held as a tenant by the entireties, to the interest she and

Morris held "as joint tenants with the right of survivorship." In so doing, she equates the two tenancies. Tonia reasons that "[to] allow Flatrock to force a sale of the real estate would violate and frustrate the intent" of her grandparents. Appellee's Br. at 9. But it is not the subjective intent of the grantors which controls the operation and effect of the instrument of conveyance. The phrase "joint tenants with the right of survivorship," which appears in the deed from Tonia's grandparents, is a term of art with a distinct meaning in the common law which has not been altered by statute. Appellant's App. Vol. II at 21.

[12] The goal of statutory interpretation is to discern and further the intent of the legislature. *West v. Off. of Ind. Sec'y of State*, 54 N.E.3d 349, 353 (Ind. 2016). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that the words and phrases be taken in their plain, ordinary, and usual sense. *Clem*, 27 N.E.3d at 791. Clear and unambiguous statutes leave no room for judicial construction. *Id.* And, in any case, we exercise caution so as not to add words or restrictions where none exist. *West*, 54 N.E.3d at 353.

[13] Subsection 2(c)(5) of the exemption statute clearly and unambiguously applies only to a tenancy by the entireties. I.C. § 34-55-10-2(c)(5). We decline Tonia's invitation to read words into the statute that are not there, and we hold that subsection 2(c)(5) does not exempt from execution interests held in a joint tenancy with right of survivorship. Indeed, the differences between a tenancy by the entireties and a joint tenancy with right of survivorship are clear and

well-established. In a tenancy by the entireties, one spouse may not unilaterally convey or mortgage his interest to a third party. *See Estate of Grund v. Grund*, 648 N.E.2d 1182, 1185 (Ind. Ct. App. 1995), *trans. denied*. And an estate by the entireties is immune to seizure for the satisfaction of the individual debt of either spouse. *Eilts v. Moore*, 117 Ind. App. 27, 68 N.E.2d 795, 796 (1946).

[14] In contrast, a joint tenant may alienate his interest in real estate or his interest may be alienated by another. As we have noted, a joint tenant may sell or mortgage his interest to a third party, and his interest is subject to execution by a judgment lien creditor. *Grathwohl*, 871 N.E.2d at 301; *Thornburg*, 34 N.E. at 1002. Had the legislature intended to exempt from execution real estate owned as joint tenants with right of survivorship it would have done so. We hold that the trial court erred when it denied Flatrock's motion to execute on its judgment lien.

[15] In sum, Flatrock's judgment lien against Morris was a valid and subsisting lien upon his interest in the real estate, which he owned with Tonia as joint tenants with right of survivorship. The judgment lien was not extinguished when Morris died. As the surviving joint tenant, Tonia acquired Morris' interest in the real estate by operation of law, subject to the lien. The lien is subject to execution and judicial foreclosure in the manner provided under Trial Rule 69. And, if another party is the purchaser of Morris' interest at an execution sale,

Tonia and the purchaser will each own an undivided interest as tenants in common.[2] *See Chandler*, 37 Ind. at 397.

[16] Reversed.

Pyle, J., and Altice, J., concur.

---

[2] "Four requisites must exist to constitute a joint tenancy[.]" *Richardson v. Richardson*, 121 Ind. App. 523, 98 N.E.2d 190, 192-93 (1951) (citation omitted). "First[, t]he tenants must have one and the same interest. Second[, t]he interests must accrue by one and the same conveyance. Third[, t]he interests must commence at one and the same time. Fourth[, i]t must be held by one and the same undivided possession." *Id.* at 193 (citation omitted). Here, upon a sale of Morris' interest in the real estate, the second and third elements will not exist.